### FELIX COUTURIE v. PIO CRESPI.

No. 2183. Decided November 9, 1910.

**1.—Practice—Bills of Exception—Statement of Facts.**

The Act of May 1, 1909, Laws 31st Leg., p. 374, in providing that where the term of court may continue more than eight weeks the statement of facts and bills of exception shall be filed within thirty days after final judgment (proviso to sec. 7) is mandatory, and statement and bills filed later should be struck out on motion in the Appellate Court unless the time for such filing is shown to have been extended by order of the court. (Pp. 556, 557.)

**2.—Same—Extensions of Time.**

The statute (Act of May 1, 1909, Laws 31st Leg., p. 377, proviso to sec. 7) authorizing the court to extend the time for filing statement of facts and bills of exception beyond the limit prescribed (thirty days after judgment) does not require that order to be made before the expiration of such thirty days; it is sufficient if made later, but before the expiration of the term of court. (Pp. 556, 557.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*Saunders, Dufour & Dufour,* and *J. W. Davis,* for appellant, cited: Missouri, K. & T. Ry. Co. v. Waggoner, 102 Texas, 260; Wallace v. Reed, 102 Texas, 314; Royal Ins. Co. v. Ry Co., 102 Texas, 306.

*Prendergast & Williamson* for appellee, cited: Freeman v. Vetter, 128 S. W., 909, 130 S. W., 190; International & G. N. Ry. Co. v. Smith, 62 Texas, 185; Sutherland on Stat. Court, secs. 402, 454,

455, 458, 459; Hudson v. Jefferson County, 28 Ark., 359; Wendell v. Durbin, 26 Wis., 390.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District. The statement and questions are as follows:

"This case was tried and judgment rendered at the October term, A. D. 1909, of the District Court of McLennan County, which term commenced on the 4th day of October, and continued more than eight weeks. Final judgment was rendered Oct. 9, and the losing party has prosecuted an appeal to this court. Appellant's bills of exception were filed Dec. 16, 1909, and an agreed and properly authenticated statement of facts was filed January 14, 1910. On Dec. 9, 1909, while the October term of the District Court was still in session, that court, at the request of appellant, entered an order upon its minutes extending the time for filing bills of exception and statements of facts for thirty days after the final adjournment of the term, and the documents referred to were filed within that time.

"Appellee has filed and submitted to this court a motion to strike out appellant's bills of exception and the statement of facts, his contention being that the trial court had no power after thirty days had elapsed from the rendition of final judgment to extend or allow further time for filing bills of exception and statements of facts.

"Answering the motion, appellant contends, first, that all statutes fixing time for filing bills of exception and statements of facts are directory and not mandatory, and shows an excuse for not filing them any sooner in this case, and that no delay or injury to appellee has resulted; and, second, that if such statutes be mandatory, the District Court has the power to enter the order of extension at the time that it was entered, and therefore, the bills of exception and statement of facts were filed within proper time. The motion requires a construction of the following statute enacted by the Thirty-First Legislature:

"'When an appeal is taken from a judgment rendered in any cause in any District Court or County Court, the parties to the suit shall be entitled to, and they are hereby granted thirty days after the adjournment of court in which to prepare and file a statements of facts and bills of exception, and, upon good cause shown, the judge trying the cause may extend the time in which to file the statement of facts and bills of exception . . . Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after the final judgment shall be rendered, unless the court shall, by order entered of record in said cause, extend the time for filing such statement of facts and bills of exception.'

"Similar motions are pending in other cases in this court; and as they involve the construction of a new statute and present an important question of practice, the Supreme Court is respectfully

requested to advance this case in order that the question may be speedily and finally determined.

"With the foregoing statement and explanation, the Court of Civil Appeals hereby certifies to the Supreme Court for decision the following questions:

"1. Are the provisions of the statute above quoted mandatory; and if bills of exception and statements of fact be not filed within the time prescribed and motion be made to strike the same out, should an appellant be allowed to present an excuse for not having filed them within the prescribed time, as a defense to the motion?

"2. Should the last clause in the statute referred to be so construed as to limit the power of the District Court to 30 days after rendition of final judgment within which to enter an order extending the time for filing statement of facts and bills of exception, or has such court the power, after the expiration of thirty days from rendition of final judgment, to enter an order extending the time for filing such documents?"

The statute we are called upon to construe is the seventh section of the Act, approved May 1, 1909, in relation to the appointment of stenographers and prescribing the time for filing statements of facts and bills of exception, which section reads as follows:

"When an appeal is taken from the judgment rendered in any cause in any District Court or County Court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the day of adjournment of court in which to prepare and file a statement of facts and bills of exception; and upon good cause shown the judge trying the cause may extend the time in which to file a statement of facts and bills of exception. Provided, that the court trying such cause shall have power in term time or in vacation, upon the application of either party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exceptions, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the Appellate Court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time in which to do so, after the expiration of the thirty days as hereinbefore provided, as the court may deem necessary, but the court in such case shall not postpone the preparation and filing of such statement of facts and bills of exception so as to delay the filing of same, together with a transcript of the record in the Appellate Court within the time prescribed by law. Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception."

The last provision of the section is all that concerns us, though we have set out the entire section, for the light it may throw upon

the provision in question. In it we find no limitation as to the time in which the court may extend the time for the preparation and filing of the statement of facts, except that it must be done by the court, which means by the court in session and presumably at the term at which the judgment was rendered; and in time so that it may be filed seasonably for an appeal to the Court of Civil Appeals. What authority have we then for saying that the extension given by the court must be granted within the thirty days allowed for the preparation of the statement of facts in ordinary cases? We find none in the statute itself; and, therefore, think that it was the intention of the Legislature in case the term of the court would extend for more than eight weeks, and in case the thirty days time was not sufficient for the preparation of a statement of facts, to allow the court at any time during term time, to grant such extension as it might deem necessary for the purpose.

We therefore answer the first question certified that the statute is mandatory, but that in case a motion be filed to strike out a statement of facts because not filed in the thirty days, the appellant may always show that he had the order of the court extending the time.

In answer to the second question we say that the last clause of the statute should not be so construed as to limit the power of the District Court to thirty days after rendition of the final judgment within which to enter an order extending the time for the filing of a statement of facts and bills of exception and that such court has the power after the expiration of thirty days from the rendition of the final judgment to enter an order for the filing of such documents.