### J. G. HAMILL ET AL. v. A. W. SAMUELS.

#### No. 2217.   Decided January 18, 1911.

1.—Statement of Facts—Extension of Time.

The order extending the time for filing statement of facts, the term of the court being more than eight weeks, may be made at a subsequent term of the court, provided such extension does not prevent the filing of the transcript in the appellate court within the 90 days allowed therefor after perfecting appeal. (Act of May 1, 1909, Laws, 31st Leg., p. 374, sec. 7.)   (Pp. 46-49.)

2.—Case Limited.

Rulings in Couturi v. Crespi, 103 Texas, 554, explained and limited.   (Pp. 47, 48.)

Question certified from the Court of Civil Appeals, Second District, in an appeal from Tarrant County.

*J. C. Smith,* for appellant.

*Robert G. Johnson, Sidney L. Samuels* and *Clifford G. Beckham,* for appellee.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Second District. The statement and question are as follows:

"In the above cause now pending in this court we have before us appellants' motion for a rehearing of a decision heretofore made by us sustaining appellee's motion to strike out the statement of facts filed in this court April 18th, 1910. That motion was based upon the fol-

lowing grounds, to wit: 'Because said statement of facts was not filed within thirty days after final judgment was rendered in the trial court, said trial court being empowered by law to continue more than eight weeks and having entered on record no order in said cause extending the time for filing such statement of facts.' By the caption to the transcript (and by this only) it appears that the term of court of the County Court of Tarrant County for Civil Cases at which the cause was tried lasted more than eight weeks. Judgment in favor of appellee was rendered on December 14th, 1909, appellants' motion for new trial was overruled on January 1st, 1910, and at the same time the court entered an order allowing thirty days in which to file statement of facts and bills of exception. The court adjourned for the term on that day.

"No other order granting time within which to file the statement of facts appears in the record unless the order next immediately noticed is such a one. At a subsequent term of the court on appellants' motion praying for such relief the court made the following order: 'It is therefore decreed, ordered and adjudged by the court that said motion be and the same is in all things granted and that the said statement is hereby approved by this court and ordered by the clerk of the court to be filed as a true and correct statement of the facts adduced on the trial of this court.' This order was on April 11th, 1910, and the statement of facts thus ordered to be filed was filed on that day, and thereafter filed in this court as already stated. We sustained appellee's motion to strike because we were of opinion the order directing the statement of facts to be filed could not in any event be considered as an extension of time because not made during the thirty days previously granted. In this we were in error as shown by Your Honors' opinion in Couturie v. Crespi, 103 Texas, 554, 131 S. W., 403. If the order of extension could be made irrespective of the expiration of previous extensions, then we are inclined to hold that the order of the court directing the statement to be filed should be considered as an extension and that it came in time since it in no manner delayed the filing of the transcript here, but again the Couturie v. Crespi case apparently indicates the rule to be otherwise where, as here, the term of court may last more than eight weeks. So that we respectfully certify to Your Honors whether or not the statement of facts in this cause should be considered by us.

We answer that under the facts stated in the certificate the statement of facts should be considered by the court. The question submitted to us calls for a construction of section 7 of an Act of the 31st Legislature, approved May 1, 1909 (Laws 21st Leg., p. 374), which reads as follows:

"When an appeal is taken from the judgment rendered in any cause in any District Court or County Court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the day of adjournment of court in which to prepare and file a statement of facts and bills of exception; and upon good cause shown the judge trying the cause may extend the time in which to file a statement of facts and bills of exception: Provided, that the court trying such cause shall have power in term time or in vacation, upon the application of either

party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the Appellate Court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time in which to do so, after the expiration of the thirty days as hereinbefore provided, as the court may deem necessary, but the court in such case, shall not postpone the preparation and filing of such statement of facts and bills of exception so as to delay the filing of same, together with a transcript of the record in the Appellate Court within the time prescribed by law: Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception."

In the case of Couturie v. Crespi, 103 Texas, 554, the section of the statute now under consideration was construed as it applied to the facts of that case. The question before the court in that case was, had the trial court, during the term at which the judgment was entered after the expiration of thirty days from the rendition of judgment, authority to extend the time allowed for filing a statement of facts. Chief Justice Gaines, in very clear and explicit language, said: "In answer to the second question, we say that the last clause of the statute should not be so construed as to limit the power of the District Court to thirty days after rendition of the final judgment within which to enter an order extending the time for the filing of a statement of facts and bills of exception, and that such court has the power after the expiration of thirty days from the rendition of the final judgment to enter an order for the filing of such documents."

As in all cases, the opinion of the court in that case must be read in the light of the facts, and thus read, it is a correct interpretation of the statute as applied to those facts. In the present case the motion for rehearing was overruled on the 1st day of January, 1910, and the court entered an order allowing thirty days within which to file the statement of facts and adjourned the term on the same day. The appeal bond was approved on the 13th day of that month and at the next term of the court, on the 9th day of April, 1910, the trial court made an order approving the statement of facts which order was duly entered of record. The appeal was perfected on the 13th day of January, 1910, when the bond was filed. (Rev. Stats., art. 1387.) The applicant was required to file the transcript in the Court of Civil Appeals within ninety days from the day on which the appeal was perfected, that is, on or before April 13th, 1910. The order approving the statement of facts was entered on record on the 9th day of April, 1910.

By the terms of the law above quoted the grant of thirty days from the adjournment of the court is given, generally, with the exception that in cases wherein the court may continue for more than eight weeks, the time shall run from the date of the judgment, which applies in this case. The court, or the judge of the court, may, for good cause

shown, extend the time with the limitation only that it must not delay the filing of the statement of facts with the transcript in the Appellate Court within the time prescribed by law. This limitation applies to all classes of cases. In this case the transcript with the statement of facts was filed in the Appellate Court within the time prescribed by the statute and was approved by the court in term time by an order entered of record during the subsequent term of the trial court.

All of the requirements of the statute are complied with in this case, unless it be that the order approving the statement of facts and ordering it to be filed was required to be entered during the same term of the court at which the judgment was rendered. In the case before cited Judge Gaines intimates that this is required by the statute, but the question was not involved in that case and it is simply a suggestion which is not to be regarded as controlling. The language of the statute does not express that the order must be entered at the same term of the court at which the trial was had but is general in its terms that it must be granted by an order entered of record which we construe to mean that it must be entered in open court or while the court is in session but not necessarily during the term of the court at which the trial was had. If that requirement should be applied in trials like this, where the motion for rehearing is overruled upon the same day or within a short time before the adjournment of the court, the party would be deprived of the right, which is granted in the first part of the section, to have an extension of time in which to file the statement of facts. The same power to grant an extension is given to the court where the term may be continued more than eight weeks that is given to the judge or the court where the term continues less than that time and the limitation which is given to both classes of courts is that the power must be exercised within such time as not to delay the filing of the statement of facts and the record in the Court of Civil Appeals within the time prescribed by law. Any other construction of the statute would involve serious trouble in the transaction of the business of the court and the perfecting of appeals, because under such conditions parties whose cases might be tried within less than thirty days of the adjournment of the court would be deprived of the privilege, which is common to all, of having that length of time within which to file the statement of facts. There is no reason for discrimination or distinction to be made and we can see no sound reason for placing such narrow construction upon the terms of the statute. We are of opinion that the entering of the order extending the time for approving a statement of facts at a subsequent term of court within the limit fixed by that section, that is, within ninety days from the filing of the bond in case of appeal, is a full and complete compliance with the requirements of the Act. It is the policy of the Legislature and of the courts to construe liberally all provisions of the statute so as to secure the right of appeal.