WILKERSON et al. v. WARD.

(Court of Civil Appeals of Texas. March 8, 1911.)

EXCEPTIONS, BILL OF (§ 40*)—APPEAL AND ERROR (§ 564*)—RECORD—TIME OF FILING.

Acts 31st Leg. c. 39, § 7, approved May 1, 1909, which gives 30 days after term to file a statement of facts and bills of exception, but allows the trial judge to extend the time, and gives the court the power in term time or vacation to further extend that time, but provides that where the term may continue more than eight weeks, the statement of facts and bills of exception shall be filed within 30 days after final judgment, unless the court shall by order entered of record extend the time for filing, must be construed as allowing an extension of time, in case of judgment rendered in a court, where the term may continue for more than eight weeks, by an order entered of record by the judge in vacation, for the first part of the act shows that "judge" and "court" are treated as synonymous, and, further, because another construction would work a hardship on the litigants in the second class, in that their rights of appeal might be lost through an impossibility of extending the time of filing the statement of facts and bills of exception after the end of the term.

[Ed. Note.—For other cases, see Exceptions, Bill of, Dec. Dig. § 40;* Appeal and Error, Dec. Dig. § 564.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

In an action between James Wilkerson and others and Mrs. Adda Ward, a judgment was rendered for the latter, and the former appealed, and the appellee moved to strike out bills of exception and statement of facts. Motion denied.

Harris & Harris, for the motion.

RICE, J. Appellee has filed a motion to strike out the bills of exception and statement of facts herein, alleging as reasons therefor that the term of the district court at which said case was tried could continue in session more than eight weeks; that the term of the court began on the 16th day of May, 1910, and adjourned on the 1st day of July, 1910; that the case was tried on the 18th day of June, and on said day final judgment was rendered in favor of appellee; that after the adjournment of said court, to wit, on the 11th day of July next thereafter, the judge of said court, in vacation, upon the application of appellants, entered an order granting to them 30 days, in addition to the 30 days allowed by law, within which to prepare and file their bills of exception and statement of facts; and that, in pursuance of said order so made in vacation, said bills of exception and statement of facts were on the 13th day of August next thereafter actually filed in said court.

It is therefore the contention of appellee that, since said court may hold longer than eight weeks, the law required that the bills of exception and statement of facts should be filed within 30 days from the date of the judgment, unless the court should by an order made and entered of record in said cause during the term of the court extend the time for filing such statement of facts and bills of exception. The record discloses, in addition to what has heretofore been stated, that on the 11th day of July, 1910, appellants, through their counsel, presented a written motion to the judge of said court, stating that on account of continuous absence from court he (counsel) had been unable within the 30 days allowed by law since the rendition of said judgment, to prepare and file bills of exception and statement of facts herein, for which reason he prayed the court to grant an additional 30 days, or until the 15th of August, within which to prepare and file the same, alleging that plaintiff's counsel was willing that such time be allowed. Whereupon the court granted an order allowing said defendants 30 days additional time as matter of law within which to prepare and file their bills of exception and statement of facts, and have the same approved, and directed the clerk of said court to enter said order in the minutes of the court, which was accordingly done by the clerk.

The seventh section of the act of the Thirty-First Legislature approved May 1, 1909 (page 374), governing this matter, provides that: "When an appeal is taken from a judgment rendered in any cause in the district or county court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the date of adjournment of court in which to prepare and file a statement of facts and bills of exception, and upon good cause shown, the judge trying the case may extend the time in which to file a statement of facts and bills of exception; provided that the court trying such case shall have power, in term time or vacation, upon the application of either party, for good cause, to extend the several times hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended as to delay the filing of the statement of facts, together with the transcript of the record, in the appellate court within the time prescribed by law, and, when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time in which to do so, after the expiration of the thirty days as hereinbefore provided, as the court may deem necessary, but the court in such case shall not postpone the preparation and filing of such statement of facts and bills of exception so as to delay the filing of same, together with a transcript of the record in the appellate court within the time prescribed by law. Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall, by

order entered of record in said cause, extend the time for filing such statement of facts and bills of exception." By the act of the Thirty-First Legislature (page 56), it appears that the district court of Tom Green county may continue in session longer than eight weeks. We think it is clear from said section of the act just quoted regulating the preparation and filing of bills of exception and statement of facts, first, that the parties to a cause are granted the absolute right, where the court may not continue in session more than 8 weeks, without any order whatever, 30 days after adjournment to prepare and file their statement of facts and bills of exception; second, that in such cases, upon good cause shown, the judge trying the same may extend the time for such filing; and, third, that the court trying such cause, either in term time or in vacation, shall have the power, upon the application of either party for good cause shown, to extend the several times theretofore granted for the preparation and filing of such statement, of facts and bills of exception, and the only limitation upon the right of the court so to do is that the time shall not be so extended as to delay the filing of such statement of facts, together with the transcript of the record, in the appellate court within the time prescribed by law, to wit, 90 days from and after the filing of the appeal bond.

If the contention of appellee is to prevail, it is clear that, where the court may continue in session longer than eight weeks, then and in that event the court is not allowed to grant such extension of time as provided for in the first instance, unless the same shall be done by an order of the court entered of record during the term of the court at which the judgment was rendered; which, if true, it seems would result in granting longer extensions of time to litigants in the first class of cases—that is, where the court continued in session a less period of time than eight weeks—than it would to those litigants where the court remained or could remain in session for a longer period than eight weeks, which would result in a discrimination in favor of the first class against those coming within the second. And as said by Chief Justice Brown in Hamill v. Samuels (Sup.) 133 S. W. 419: "There is no reason for discrimination or distinction to be made, and we can see no sound reason for placing such a narrow construction upon the terms of the statute." He also said in the same case: "Statutes relating to appeals should be liberally construed so as to secure the right of appeal." The construction contended for by appellee would therefore result in depriving litigants in those counties where the terms of court are six months apart of the privilege extended to them by this statute if such courts could continue in session longer than eight weeks; because if it were necessary that the order provided for in the last section of the above act should be entered of record

in the minutes while the court is in session, as contended by appellee, in order to secure its benefits, then it is clear that after the expiration of the term of the court this could not be done. Hence there would be no way to obtain another order granting additional time, since the transcript of the record, together with such statement of facts, must be filed in the appellate court before the succeeding term of such court could convene, a condition, we think, that was never contemplated by the Legislature in the passage of this act. We might be answered that this condition could be obviated by obtaining an order extending the time longer than 30 days before the expiration of the term in which the judgment was rendered. It will be noted, however, that the party appealing has in this class of cases 30 days from the entry of judgment as matter of right without the entry of any order; but, suppose that it was thought that such 30 days would not be sufficient within which to prepare and file such statement, and therefore the court should, upon the application of the parties at the term at which the judgment was rendered grant a longer period of time, say 40 or 50 days from adjournment, then, if some unforeseen contingency should arise by which it was impossible to prepare and file the statement and bills within the period granted another order could not be obtained where the sessions of court were 6 months apart, because of the fact, as contended by appellee, that such order would be a nullity in the event it was granted by the judge or court when the same was not in session. This we think, would work a great hardship upon litigants in such courts, and would be a discrimination against them in favor of the class mentioned in the first part of the act, which we do not believe was ever intended by the Legislature. But, on the contrary, we are inclined to believe that it was intended by said act that equal privileges should be extended to both classes of litigants.

Where the term of court lasts more than eight weeks the statement of facts and bills of exception shall be filed within 30 days after final judgment, as heretofore seen, unless the court shall by order entered of record in said cause extend the time for filing such statement of facts and bills of exception. This language does not indicate that said order must be entered of record while the court is in session, but merely directs that the same shall be entered of record, which was done in the present case. But the law seems only to require that the court shall by an order entered of record extend the time, without providing when or at what time such order shall be entered of record. It is true that, when we refer to a court ordinarily as directing a thing to be done, we usually mean that the order is made by the court in session, but the first part of the act, providing for extension of time where the court does not last longer than eight weeks, pro-

vides, first, that the judge trying the case may extend the time in which to file the statement of facts, and the succeeding clause further provides that the court trying the case shall have the power, in term time or in vacation, upon the application of either party, for good cause shown, to extend the several times as hereinbefore provided for the preparation and filing of such statement of facts and bills of exception. So it seems that the words "judge" and "court" may be regarded as having been used by the Legislature as meaning the same thing, and that the Legislature intended them to be used interchangeably; since, if the court can grant this right in the first class of cases either in term time or in vacation, it seems to us no good reason exists why the court could not, as it did in the present case, grant the extension of 30 days within which to prepare and file the statement of facts and bills of exception after the expiration of the original time allowed by law for so doing. And it will be observed, as above noted, that the statute does not require that such order shall be entered in the minutes, but merely directs that it shall be entered of record. In the case of Hamill v. Samuels, supra, where the court could continue in session for a longer time than eight weeks, a statement of facts was held properly filed at a subsequent term from the one at which the judgment was rendered.

If the above construction is not given to this statute in cases like the present, it would, as we have seen, result in discriminating against litigants whose cases were tried in courts that could continue for a longer period than eight weeks in favor of those whose cases are tried in courts where the term did not last so long which would be contrary to the rule expressed by Chief Justice Brown in Hamill v. Samuels, supra. We are led to adopt this construction by reason of the fact that it seems that a court, either in term time or in vacation, would have the right under the first part of this act to extend the order provided for by the different provisions thereof which we think is applicable to both classes of cases intended to be affected by said act provided only in the second class of cases the order is entered of record, for which reason the motion to strike out is overruled.

Motion overruled.