ATCHISON, T. & S. F. RY. CO. v. COX.

(Court of Civil Appeals of Texas. March 29, 1911. Rehearing Denied April 26, 1911.)

APPEAL AND ERROR (§ 624*)—RECORD—STATEMENT OF FACTS—TIME FOR FILING.

Under Gen. Laws 1909 (1st Ex. Sess.) c. 39, providing that, if a term of court may continue for more than 8 weeks, the statements of facts must be filed within 30 days after judgment, unless the court extends the time, an order of the court whose term was over 8 weeks extending the time to file a statement of facts granted after adjournment and in vacation, even upon the agreement of parties, is ineffectual.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2737–2742; Dec. Dig. § 624.*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action between C. B. Cox and the Atchison,

Topeka & Santa Fé Railway Company. From the judgment, the railway company appeals. Rehearing of motion to strike out a statement of facts. Motion granted.

Terry, Cavin & Mills, Roscoe Wilson, and Madden, Trulove & Kimbrough, for appellant. R. R. Hazlewood and Lumpkin, Merrill & Lumpkin, for appellee.

FLY, J. On a former day of this term a motion to strike out the statement of facts was filed by appellee, and was overruled by this court, and a motion for a rehearing on that action is now before us. Our former action was taken under the erroneous view that the order of extension was granted at a subsequent term, which brought it within the scope of a decision of the Supreme Court, hereinafter cited.

[1] The ground of the original motion is that the statement of facts was not filed within the time provided by law. The cause was tried and judgment rendered for appellee on January 22, 1910, and the motion for new trial was overruled on February 3, 1910. The court adjourned on February 5, 1910, the court having been in session for more than eight weeks, which was a regular term under the Acts of 1909, p. 13. Before adjournment, the court granted an extension of time of 30 days from the date of adjournment within which to file statement of facts and bills of exception. Afterwards, in vacation, at some time not shown by the record, the trial judge made an order extending the time for filing statement of facts and bills of exception for an additional period of 60 days, making in all 90 days from the date of adjournment. That order, given in vacation, was entered by order of the judge in the minutes of the district court of Hale county. The reason given for granting the order was the stenographer was so crowded by work that he could not make out the transcript of the testimony.

This court construed the statute of 1909 (Gen. Laws 1909, p. 374) in the cases of Freeman v. Vetter, 128 S. W. 909, and International Order of Twelve v. Johnson, 131 S. W. 1195, in which it was held that an order for an extension of time for filing statements of facts and bills of exceptions in cases tried at a term of court which may by law continue for more than eight weeks could only be granted during the term at which the cause was tried. That position was sustained by the Supreme Court in the case of Couturie v. Crespi, 131 S. W. 403. That decision was rendered on November 9, 1910, and on January 18, 1911, the Supreme Court changed its ruling as to confining the granting of the order of extension to the term of court at which the cause was tried, and held that the order could be entered "at a subsequent term of court within the limit fixed by that section—that is, within 90 days from the filing of the bond in case of appeal." Hamill v. Samuels, 133 S. W. 419. While still of the opinion that the former opinion of the Supreme Court and the opinions of this court were correct, this is the very latest interpretation of the law by the Supreme Court that has come to our knowledge, and must be respected as the law on the subject until changed.

The order of extension in this case was not entered during a subsequent or any term of the district court of Hale county, or for that matter during any term of the court in any of the numerous counties of the judicial district of which Hale county is a part. We do not intimate that the order could be entered during a term held in the same district in another county, although we see no reason why that should not be done under reasons given for the decision in Hamill v. Samuels. It follows that under all the decisions of this court and the Supreme Court the statement of facts is not properly on file in this court.

Even if the parties had agreed in terms that an extension of time should be granted appellant, such an agreement would have no effect. There is but one way provided in which an extension of time for filing statements of facts and bills of exception can be obtained and that is the one set forth in the statute, as interpreted by the Supreme Court. However, there was no positive agreement on the part of the appellee, but it is stated by appellant that, when the 30-day order was granted, the judge said: "If this was not sufficient, he would in vacation make an order extending the time for the filing of the statement of facts and bills of exception and that he wanted the parties to agree to this. To this arrangement and suggestion all parties, including Judge Hazlewood, plaintiff's attorney, and the attorneys for the defendants assented." No matter who agreed to it, the statute could not be set aside.

Our former order is set aside, and the statement of facts is stricken from the record.