SMYER v. FT. WORTH & D. C. RY. CO.

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1911. Rehearing Denied Jan. 26, 1912.)

1. APPEAL AND ERROR (§ 564*)—EXCEPTIONS, BILL OF (§ 40*)—STATEMENT OF FACTS—EXTENSION OF TIME—ORDERS IN VACATION.

Under Act May 1, 1909 (Acts 31st Leg. [1st Extra Sess.] c. 39), providing that, if the term of the court may continue more than eight weeks a statement of facts and bill of exceptions must be filed within 30 days after final judgment unless the court extends the time, the trial court may not, after the expiration of the term, make an order in vacation extending the time for the filing of the statement of facts and bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 564;* Exceptions, Bill of, Dec. Dig. § 40.*]

2. COURTS (§ 91*)—CONTROLLING DECISIONS.

The latest decision of the Supreme Court on a question must be followed by the Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action between J. E. Smyer and the Ft. Worth & Denver City Railway Company. From a judgment for the latter, the former appeals. Motion to strike out bills of exception and statement of facts granted.

Veale & Davidson, for appellant. Turner & Wharton and Spoonts, Thompson & Barwise, for appellee.

PRESLER, J. This is a motion by appellee to strike out the bills of exception and statement of facts herein on the ground that appellant did not file said statement of facts and bills of exception within the 60 days allowed by the law and the order of the trial court entered in term time and dating from the 29th day of September, 1910, and attacking the validity of an additional order made in vacation on the 15th day of November, 1910, by the district judge of the trial court, extending the time for filing said bills of exception and statement of facts to a period beyond 60 days from the date of the entry of the order of said court in term time, presenting for the determination of this court the question as to whether under the seventh section of the act of the Thirty-First Legislature approved May 1, 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 39), the judge of a district court, the term of which may by law continue more than eight weeks, is authorized to grant such order in vacation—a question upon which there is a variance and conflict of decision between the Court of Civil Appeals of the Third District and the Court of Civil Appeals of the Fourth District; the Court of Civil Appeals of the Third District holding in the case of Wilkerson et al. v. Ward, 135 S. W. 692, that said section of said act of 1909 allows the trial judge to extend the time for filing such statement of facts and bills of exception, and gives the court the power, either in term time or vacation, to further extend that time by an order entered of record in case of judgment rendered in a court where the term may continue for more than eight weeks, holding that the first part of the act of 1909 referred to shows that "judge" and "court" may be regarded as having been used by the Legislature as meaning the same thing, and that the Legislature intended them to be used interchangeably, and that the statute does not require that such order shall be entered in the minutes, but merely directs that it shall be entered of record. The Court of Civil Appeals for the Fourth District in the case of Atchison, T. & S. F. Ry. Co. v. Cox, 136 S. W. 569, holding that an order of a court whose term was over eight weeks extending the time to file a statement of facts granted after adjournment and in vacation to be without authority of law, even if the parties had agreed in terms that such extension of time should be granted. The Court of Civil Appeals for the

First District in the case of International & G. N. R. Co. et al. v. Alexander, 135 S. W. 704, also held that such order could not be made in vacation.

[1] It appears from the record: That this cause was tried in the district court of Potter county, Tex., at the July term, 1910, of said court, which term was by law permitted to continue 12 weeks. That said cause was tried and a judgment was entered on September 21, 1910, at said July term of the district court of Potter county. That on the 29th day of September, 1910, during said July term, appellant's motion for a new trial was overruled, and the appellant then and there gave notice of appeal in open court, and was granted 60 days from and after the 29th day of September, 1910, in which to prepare and file statement of facts and bills of exception. That on November 15, 1910, after the close of said July term of said court, appellant applied in vacation and in chambers to Hon. J. N. Browning, judge of the Forty-Seventh judicial district of Texas, Potter county, being one of the counties of said district, for 30 days additional time in which to file bills of exception and statement of facts in this cause, which request was granted in the following terms: "It is therefore ordered and adjudged that the plaintiff and appellant herein have and he is hereby granted 30 days additional to the time heretofore and previously by this court allowed herein in which to prepare and file the statement of facts and bills of exception herein." That appellant filed the statement of facts and bills of exception in this cause in the district court of Potter county, Tex., on December 23, 1910. That appeal bond was filed and approved herein on October 19, 1910, and statement of acts and transcript filed in the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth, and that this cause was duly transferred to this court by order of the Supreme Court. Section 7 of the act of 1909 herein before referred to, and the construction of which is necessary to the determination of this motion, is as follows: "When an appeal is taken from the judgment rendered in any cause in any district court or county court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the day of adjournment of court in which to prepare and file a statement of facts and bills of exception; and upon good cause shown the judge trying the cause may extend the time in which to file a statement of facts and bills of exception. Provided, that the court trying such cause shall have power in term time or in vacation, upon the application of either party, for good cause, to extend the several times as herein before provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be extended so as to delay the filing of the statement of facts, together with the transcript of record, in the

appellate court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time within which to do so, after the expiration of thirty days as herein before provided, as the court may deem necessary, but the court in such case, shall not postpone the preparation and filing of such statement of facts and bills of exception so as to delay the filing of same, together with a transcript of the record in the appellate court within the time prescribed by law. Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall by order entered of record in said cause extend the time for filing such statement of facts and bills of exception." As hereinbefore stated, the Court of Civil Appeals for the Third District in construing the foregoing section of the act of 1909 in the case of Wilkerson et al. v. Ward, supra, held that the court having a longer term than eight weeks, as in the case at bar, had authority under said statute to grant an order in vacation, extending the time for filing of statement of facts and bills of exception, and we are impressed with the force and cogency of the reasoning of the court in that case, but are inclined to view the same as being more in the nature of an argument as to the proper construction of said statute than as effectively sustaining that court's conclusion as to what the law is, the law on the question involved being the statute above quoted as interpreted by the Supreme Court of this state, and but for said court having placed a contrary construction upon the statute considered, and were the question as here presented to us one of first impression, we would be inclined to hold with the court in the case of Wilkerson et al. v. Ward, supra, that the order in question could be granted in vacation. However, in our opinion, the Supreme Court, both in the case of Couturie v. Crespi, 131 S. W. 403, and in the case of Hamill v. Samuels, 133 S. W. 419, held contrary to the conclusion on this question reached by the Court of Civil Appeals in the case of Wilkerson et al. v. Ward, supra. In the Couturie v. Crespi Case, Judge Gaines, in rendering the opinion of the court, after setting out the entire section of the act of 1909 herein above quoted, says: "The last provision of the section is all that concerns us, though we have set out the entire section for the light it may throw upon the provision in question. In it we find no limitation as to the time in which the court may extend the time for the preparation and filing of the statement of facts, except that it must be done by the court, which means

by the court in session, and presumably at the term at which the judgment was rendered and in the time so that it may be filed seasonably for an appeal to the Court of Civil Appeals. What authority have we for saying that the extension given by the court must be granted within 30 days allowed for the preparation of the statement of facts in ordinary cases? We find none in the statute itself, and therefore think that it was the intention of the Legislature in case the term of the court would extend for more than 8 weeks, and, in case the 30 days time was not sufficient for the preparation of the statement of facts, to allow the court at any time during the term time to grant such extension as it might deem necessary for the purpose." It will be noted that the court here differs from the Court of Civil Appeals for the Third Supreme District in the Wilkerson v. Ward Case, supra, as to whether the term "judge" and "court" were intended by the Legislature to be used interchangeably and meaning one and the same thing, and states that the time may be extended for the preparation and filing of statement of facts, but that it must be done by the court, which means by the court in session. And in the case of Hamill v. Samuels, supra, Chief Justice Brown, rendering the opinion, the Supreme Court says: "The language of the statute does not express that the court order must be entered at the same term of the court at which the trial was had, but is general in its terms that it must be granted by an order entered of record, which we construe to mean that it must be entered in open court or while the court is in session, but not necessarily during the term of the court at which the trial was had." Thus reannouncing the construction announced in the Couturie v. Crespi Case, supra, to the effect that such order must be entered in term time, and not in vacation, modifying and changing said decision only as to the requirement therein tentatively announced that such order could only be granted during the same term at which judgment was rendered.

[2] The opinion in the case last referred to being the latest expression of the Supreme Court on the question here considered and presented by this motion to which we have been cited or that we have been able to find, we feel constrained to follow same in disposing of this motion, and therefore hold the order granted in vacation by the judge of the Forty-Seventh judicial district of Texas, extending the time in which to file bills of exception and statement of facts in this cause, null and void, as having been granted in vacation and not in term time, as required by law, and that the motion to strike out appellant's bills of exception and statement of facts should be here sustained; and it is accordingly so ordered.