PECOS & NORTHERN TEXAS RAILROAD COMPANY ET AL. v. C. B. COX.

No. 2293. Decided November 29, 1911.

**1.—Statement of Facts—Bill of Exceptions—Extension of Time.**

Under the Act of May 1, 1909, Laws, 31st Leg., p. 376, sec. 7, where the term of court may by law continue more than eight weeks, the district judge has no power to extend the time for filing statement of facts and bills of exception by an order entered in vacation. Such order must be made by the court and entered on record during the term. Hamill v. Samuels, 104 Texas, 46, followed. (Pp. 556-558.)

**2.—Same—Statutory Construction.**

The courts can not depart from the plain meaning of the words of a statute through a consideration of the reasons inducing its enactment or the inconvenience or mischief involved in adhering to such meaning. (P. 558.)

Question certified from the Court of Civil Appeals, Fourth District, in an appeal from Hale County.

*Terry, Cavin & Mills, E. Graham* and *Madden, Truelove & Kimbrough,* for appellant.—In section 7 of the Court Stenographers' Act of 1909, Gen. Laws, p. 374, the word "court" is used indiscriminately to designate either the judge sitting in open court without a jury, or the judge in vacation; that for the most part the term is used in that section to designate the judge in vacation; that in fact the word "court" is used simply for the word "judge." Court Stenographers' Act of 1909, Gen. Laws, 374; Wilkerson v. Ward, 135 S. W., 692.

*Lumpkin & Merrill* and *R. R. Hazelwood,* for appellee, cited: Couturie v. Crespi, 103 Texas, 554; Hammil v. Samuels, 133 S. W., 419; Lockett v. Schurenberg, 60 Texas, 610; Truett v. Blundell, 59 Texas, 253; Matthews v. Boydston, 31 S. W., 814; Railway Co. v. Scott, 58 Texas, 187.

MR. JUSTICE RAMSEY delivered the opinion of the court.

There is a single question presented for decision in this case. It is presented, with an accompanying statement, in this form in the certificate from the Court of Civil Appeals for the Fourth Supreme Judicial District:

"This cause was tried and judgment rendered for appellee on January 22, 1910, and the motion for new trial was overruled on February 3, 1910. The court adjourned on February 5, 1910, having been in session for more than eight weeks, which was a regular term under the Acts of the Legislature of 1909, page 13. Before adjournment the court granted an extension of time of thirty days from the date of adjournment within which to file a statement of facts and bill of exceptions. Afterwards, in vacation, at some time not shown by the record, the trial judge made an order extending the time for filing statement of facts and bill of exceptions, for an additional period of sixty days, making in all ninety days from the date of adjournment. The order made in vacation was entered, by order of the judge, in the minutes of the District Court of Hale County, in

which the cause was tried. The reason given for granting the order was that the stenographer was so crowded by work that he could not make out the transcript of the testimony. Other facts are set forth in the opinion of this court, in which a motion to strike out the statement of facts and bills of exceptions, was sustained by the court.

"*Question.*—Has a district judge the power and authority granted him by the statute of 1909 (page 374, Gen. Laws), to make a further extension of the time for filing bills of exceptions and a statement of facts, during vacation, when the cause was tried at a term of the court lasting for more than eight weeks?

"This question is propounded because of the seeming conflict between the decision of this court and that of the Court of Civil Appeals of the Third Supreme Judicial District of Texas in the case of Wilkerson v. Ward, 135 S. W., 692. We call attention to Hamill v. Samuels, 104 Texas, 46, 133 S. W., 419, which induced this court to strike out the bills of exceptions and statement of facts. It is respectfully suggested to the Supreme Court that several cases containing the same question are pending before this court and that a prompt answer to the question would be appreciated."

We think there can be no doubt that the question should be as it is hereby answered in the negative, and that a proper construction of the statute compels the holding that a district judge has no power or authority granted to him by the Act of 1909 (p. 374), to make a further extension of the time for filing bills of exceptions and a statement of facts, during vacation, where the cause was tried at a term of the court lasting for more than eight weeks.

The statute in question so far as here applicable is in these words: "When an appeal is taken from the judgment rendered in any cause in any District Court or County Court, the parties to the suit shall be entitled to and they are hereby granted thirty days after the day of adjournment of the court in which to prepare and file a statement of facts and bills of exception; and upon good cause shown the judge trying the cause may extend the time in which to file a statement of facts and bills of exception; provided, that the court trying such cause shall have power in term time or in vacation, upon the application of either party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the Appellate Court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time in which to do so, after the expiration of thirty days as hereinbefore provided, as the court may deem necessary, but the court in such case shall not postpone the preparation and filing of such statement of facts and bills of exception so as to delay the filing of same, together with a transcript of the record in the Appellate Court within the time prescribed by law; provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall by order entered

of record in said cause extend the time for filing such statement and bills of exception."

It will be noted by the terms of the statute that where the term of the court lasts eight weeks or less that "the court trying such cause shall have power in term or in vacation, upon the application of either party, for good cause shown, to extend the several times as hereinbefore provided for," but as to the terms of court which may by law continue more than eight weeks, that bills of exception and statement of facts shall be filed within thirty days after final judgment shall be rendered unless the court shall *by order entered of record in said cause* extend the time for filing such statement and bills of exception. It may be conceded that the word court is many times used as synonymous with and interchangeably with the word judge, but in the particular clause controlling us here it is used in its strictly legal sense and that this construction must control. This was squarely held in the case of Hamill v. Samuels, 104 Texas, 46, where Chief Justice Brown, speaking for the court, says: "The language of the statute does not express that the order must be entered at the same term of the court at which the trial was had, but is general in its terms that it must be granted by an order entered of record which we construe to mean that it must be entered in open court, or while the court is in session, but not necessarily during the term of the court at which the trial was had."

With the reasons which induced the enactment of this provision, we have here no concern, nor can we depart from the plain meaning of the statute, because it may result in serious inconvenience or even in some cases positive mischief. We can only interpret and construe the law as it is written.