COOK v. SEAY.

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1912.)

1. APPEAL AND ERROR (§ 938*)—PRESUMPTIONS.

Where there are no affidavits in support of a motion to strike a statement of facts from

the record because a copy thereof has not been filed in the trial court, and it does not appear from the record that such statement is not on file, it will be presumed that the statement was on file as required by statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3795–3803; Dec. Dig. § 938.*]

**2. APPEAL AND ERROR (§ 227*)—REVIEW—MATTERS FIRST RAISED ON APPEAL.**

A court on appeal cannot consider matters in excuse of a failure to file a statement of facts within the time specified, or procure an order for an extension of the time, where the affidavits showing such excuse are filed for the first time in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 227.*]

**3. APPEAL AND ERROR (§ 564*)—REQUISITES FOR TRANSFER—FILING STATEMENT OF FACTS.**

Under Acts 32d Leg. c. 119, § 7, which provides that any statement of facts filed before the time for filing the transcript on appeal expires shall be considered as having been filed within the time allowed for filing, a statement of facts filed more than 30 days after the adjournment of the term, but within the time for filing the transcript, is sufficiently filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action between Jim Cook and G. W. Seay. From a judgment for Seay, Cook appeals. Appellee moved to strike the statement of facts. Overruled.

J. C. Dial and Hoover & Taylor, for appellant. Jno. A. Holmes, for appellee.

GRAHAM, C. J. Appellee has filed in this court a motion to strike from the record the statement of facts on file in this cause because same was not filed in the trial court within 30 days after adjournment of the trial court for the term at which the case was tried, there being no order of the trial court in the record granting an extension of time beyond the 30 days allowed by the statute, and the court not being, by operation of law, authorized to continue for as long as 8 weeks, and, further, because it is claimed by appellee in said motion that appellant has failed to file a copy of the statement of facts in the trial court as provided by statute. Replying to this motion, appellant, by proper affidavit on file in this court, shows a reasonable excuse for not having filed in the trial court the statement of facts within the 30 days provided by the statute, and also for failing to obtain an order from the trial court extending the time within which to file same in the trial court. By affidavits on file in this court, appellant also shows that the copy of the statement of facts now on file in this court is one originally agreed to by counsel and signed and approved by the trial judge, and by inference at least it is also made to appear that a copy thereof was at the same time executed. We have examined the statement of facts on file in this court, and therefrom it is made to appear that it was agreed to by counsel for both appellee and appellant and properly approved by the trial judge, and there is nothing in connection with the statement of facts tending to show that it is not what it purports to be. Appellee in his motion, which is not under oath, does not contend that it is not the statement of facts agreed to by counsel for appellant and appellee and approved by the trial judge, nor does he contend that it was not filed in the trial court. His motion, in fact, admits that it was filed in the trial court as it purports to have been, but he contends in his said motion that it was filed too late, and further insists that it should be stricken out in this court because no copy thereof is on file in the trial court, as required by the statute.

[1] As the record stands before us, we think there is no such showing made by appellee, there being no affidavits in support of his motion, as would warrant us in holding that no copy of the statement of facts was left on file in the trial court.

[2] In so far as appellant seeks by affidavits filed for the first time in this court to show a reasonable excuse for failing to file the statement of facts in the trial court within the 30 days provided by statute, or to procure an order from the trial court for an extension of said 30 days, as held by us on a similar question in the case of National Bank of Commerce v. Lone Star Milling Co. et al., 145 S. W. ——,† this day, we have no power to consider such matters.

[3] The record in this case shows that the term of court at which this case was tried adjourned on September 8, 1911; that the statement of facts was filed in the trial court on November 23, 1911; and that under the law said term of court could not continue for as much as eight weeks, and the record does not show that any order was granted by the trial court extending the time for filing said statement of facts beyond the 30 days mentioned in the statute. As held by our Supreme Court in the cases of Couturie v. Crespi, 131 S. W. 403, Hamill v. Samuels, 133 S. W. 419, and P. & N. T. Ry. Co. v. Cox et al., 140 S. W. 1078, had this statement of facts been filed, under the act of 1909 (Acts 31st Leg. 1st Ex. Sess. c. 39), it would be our duty to sustain the motion because same was not filed in time; but by Acts 32d Leg. p. 264, approved March 31, 1911, the act of 1909 and other laws bearing on the same subject were repealed, and, while section 7 of the act of 1911 is worded almost as was section 7 of the act of 1909, there is a proviso added to section 7 in the act of 1911 not found in said section or any other portion of the act of 1909 which we think changes the legal construction and effect to be given said section. The proviso referred

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Rehearing pending.

to is as follows: "Provided that any statement of facts, filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same." We think that, under the law as it now is and as it was when the statement of facts in this case was filed in the trial court, the act of 1911, then being operative, was filed within time to constitute it a part of the record of the trial court and that it was filed in time, and as the record in this case shows that the statement of facts on file in this court in this cause was filed in the trial court before the time for filing the transcript in this cause in this court, as provided by law, had expired, it was filed within the proper time.

It follows that the motion to strike out the statement of facts in this cause should be overruled; and it is so ordered.