### NATIONAL BANK OF COMMERCE v. LONE STAR MILLING CO. et al.†

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1912. On the Merits, March 16, 1912. Rehearing Denied Jan. 11, 1913.)

1. JUDGES (§ 30*)—STATEMENT OF FACTS—TIME FOR FILING.

A judge of the district court while sitting in one county of his district is not sitting as a court as to other counties of his judicial district, and so he cannot, while holding court in one county, enter an order extending the time of filing statement of facts in an action tried in another county at a term which might by law continue more than eight weeks.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 143; Dec. Dig. § 30.*]

2. APPEAL AND ERROR (§ 227*)—STATEMENT OF FACTS—EXCUSE FOR FAILURE TO FILE—CONSIDERATION BY APPELLATE COURT.

Where, in an action tried at a term which might by law continue more than eight weeks, the statement of facts was not filed within the time provided by statute, the Court of Civil Appeals cannot consider whether the appellant was without fault, unless that question was ruled on below; for not only does the statute itself expressly confer on the trial court the discretionary power of passing on the reasonableness of an excuse thus impliedly declaring that no other tribunal shall have that power, but the Court of Civil Appeals, having jurisdiction regardless of the filing of a statement of facts, and, such statement not constituting part of the transcript unless filed within the time limited, Sayles' Ann. Civ. St. 1897, arts. 998, 1015, respectively, providing that the Courts of Civil Appeals shall have power to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction, and that the appellant shall file the transcript with the clerk of such court within 90 days provided that for good cause the court may permit the transcript to be thereafter filed, do not confer any such power.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 227.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by the National Bank of Commerce against the Lone Star Milling Company and others. From a judgment for defendants, plaintiff appeals. Affirmed; a motion to strike the statement of facts having been sustained.

Crudgington & Umphres, of Amarillo, for appellant. Veale & Davidson and R. R. Hazelwood, all of Amarillo, and E. J. Witt, of Denton, for appellees.

GRAHAM, C. J. This cause is before us on a motion to strike out the statement of facts, based on the proposition that the term of court at which the case was tried could by operation of law and did actually continue for more than 8 weeks, the record showing that an order was procured during term time allowing 60 days within which to file a statement of facts, and that after the expiration of the term of court at which the case was tried, and while the judge was holding court in another county in his judicial district, he granted an order extending the time for filing a statement of facts beyond the 60 days originally allowed; the record further showing that the statement of facts was actually filed after the expiration of the 60 days originally allowed, but within the time covered by the order made by the judge while sitting in the other county of his judicial district.

[1] In reply to this action appellant insists that as the second order for extension of time was granted by the trial court while his court was actually in session in another county of his judicial district, though not during term time of his court in the county in which the case was tried, the second order was valid, and that as the statement of facts was filed within the time allowed by the second order, and before the time required by law for filing the same in this court, though after the time allowed in the first order and after the expiration of the 30 days allowed by the statute, and because a reasonable excuse was furnished the trial court warranting the last order for extension of time by the trial court, and because a reasonable excuse is now furnished this court in the first instance for having failed to file the statement of facts within the time provided by law in the trial court, this court should consider said excuse, and, both because of the excuse first presented to this court and the last order for extension granted by the trial court, should consider the statement of facts. On October 13, 1911, in the case of Smyer v. Ft. Worth & Denver City Railway Co., 143 S. W. 683, this court, in a written opinion, not yet officially published, following what we then understood our Supreme Court to have held in the cases of Couturie v. Crespi, 103 Tex. 554, 131 S. W. 403, and Hammill v. Samuels, 133 S. W. 419, held that an order granted not in term time of the court in which the case was tried, the term time at which the case was tried being by operation of law authorized to continue more than eight weeks, was void,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Application for writ of error pending in Supreme Court.

and since that decision was announced by this court our Supreme Court in the case of P. & N. T. Ry. Co. v. Cox, 140 S. W. 1078, has reannounced that doctrine. While it is apparently conceded in this case that an order made by the judge in vacation for extending the time for filing a statement of facts and bills of exception in a case tried at a term of court which by operation of law could extend more than eight weeks would be void, yet it is apparently contended that as our Supreme Court held in the Hammill v. Samuels Case, supra, that it was not necessary for the order extending the time to be made during the same term of court at which the case was tried, but could be made at a subsequent term of the court at which the case was tried in the same county, provided the order be made in the time provided by law, it follows that as the judge in this case was actually holding court in one of the counties of his judicial district, and at a regular term of the court in that county when the order was made in this case, said order was made in open court and in term time within the meaning of the statute as construed by the Supreme Court in the cases above referred to. We cannot concur in this contention, for the reason that, as we construe the decisions of our Supreme Court above referred to, it is held that in making the order for an extension of time within which a statement of facts and bills of exception may be filed after the 30 days allowed by the statute the order must be made by the court as such, and not by the judge merely; and we think the judge of the district court while sitting in one county of his district is not sitting as a court as to any other county in his judicial district. In other words, we think the order, to be valid, must be made while court is in session in the county in which the case was tried, and within the time required by the statute.

[2] It is also apparently contended that we should consider the statement of facts in this cause because the record shows that such excuse was presented to the trial court as shows that appellant was without fault in not having filed the statement of facts in the 30 days provided by statute and the extension covered by the first order granted. While it is possible that this court might have the power to revise the action of the trial court in granting or refusing an order for extension, such as he is authorized by the statute to make were the matter brought before us properly, we are clearly of the opinion that we are powerless to revise the action of the trial court as to granting or refusing such extension of time unless the matter be brought before us as any other ruling of the trial court made in the case, so that this court could act upon the same as an appellate court, and not as a court of original jurisdiction, as to the matter sought to be inquired into.

It is further apparently contended that this court has the power, and that it is its duty, to consider originally in this court a showing to the effect that without fault of appellant a statement of facts was not filed in time in the trial court, and, if a meritorious showing is made in this court, that it is the duty of this court to consider the statement of facts, even if it were not filed in the trial court in proper time. If a statement of facts originally filed in the trial court so as to make it valid as such were to reach this court after the time required by law for it to be filed herein, there is no question of our power and duty to hear and consider the reasonableness of an excuse for such failure, for the reason that the statement of facts had become a part of the record in the cause in the court below, and, while the statement of facts under the act now under consideration does not constitute a part of the transcript, we think that article 1015, Sayles' Civil Statutes, would confer upon us the power just as we would have had the power under the statute while the statement of facts was a part of the transcript. This court, however, possesses appellate powers only, except where additional power has been expressly conferred by the Constitution or statute, and we think it cannot be successfully contended that, in the absence of constitutional or statutory authority, an appellate court is authorized to try an issue of fact in the first instance. It may be contended because of article 998, Sayes' Civil Statutes, this court is empowered to hear and determine the sufficiency of excuses for a failure to file a statement of facts and bills of exception within proper time in the trial court. If such contention be made, we call attention to the fact that the jurisdiction of this court to hear and determine a cause is not dependent on a statement of facts or a bill of exception having been filed either in the trial court or in the court below; that is, this court's jurisdiction to dispose of a cause is in no way affected by the question of whether or not a statement of facts or bills of exception may have been filed either in the trial court or in this court.

The very fact that the statute under consideration expressly confers on the trial court the discretionary power of passing upon the reasonableness of an excuse for not filing a statement of facts and bills of exception within the 30 days provided by the statute and of granting or refusing an extension of time within which to prepare and file the same, and at the same time fails to intimate that any other tribunal shall have such power, is to us tantamount to a declaration that no other tribunal shall have the power, and there can certainly be nothing found in the statute under consideration warranting the contention that a tribunal essentially appellate

in its nature could exercise such a power in the first instance. As we construe the first question answered by the Supreme Court, in the case of Couturie v. Crespi, 103 Tex. 554, 131 S. W. 403, the question under consideration is settled adversely to appellant's contention. In that case the first question certified by the Court of Civil Appeals to the Supreme Court is as follows: "Are the provisions of the statute above quoted mandatory? And, if bills of exception and statement of facts be not filed within the time prescribed and motion be made to strike the same out, should an appellant be allowed to present an excuse for not having filed them within the prescribed time, as a defense to the motion?" And the Supreme Court answered that question as follows: "We therefore answer the first question certified that the statute is mandatory, but that, in case a motion be filed to strike out a statement of facts because not filed in the 30 days, the appellant may always show that he had the order of court extending the time." The case of P. & N. T. Ry. Co. v. Cox, supra, is authority for the proposition that the order must be a valid one, and, while the Supreme Court in the Couturie-Crespi Case does not specifically so say, we think the answer means and that the decision holds that in answer to a motion to strike out a statement of facts or bills of exception because not filed within the 30 days provided by statute, or the time within which the filing thereof may have been extended by a valid order of the trial court, as shown by the record, the opposing party may show in some proper way that there was procured a valid order from the trial court authorizing such filing within the time covered by the last-mentioned order whether said order be in the transcript on file in the appellate court or not at the time the motion to strike out was filed, and that nothing but such order could be considered by the appellate court.

As the record in this case shows that the term of court at which this case was tried could by operation of law continue for more than eight weeks and that it did actually so continue, and because the record further shows that the statement of facts was not filed in the trial court within the 30 days provided by the statute, nor within the time allowed by any order made by the trial court during the term of the court in the county where the case was tried, and because we feel we have not the power to consider the excuse tendered in this court by appellant for not having filed the statement of facts in the trial court within the time required by the statute and the time covered by the first order of the trial court, we think we are without authority to consider the paper on file in this court intended as a statement of facts in this case, and therefore sustain appellee's motion to strike the same from the files of this court, and it is so ordered.

### On the Merits.

HALL, J. The National Bank of Commerce instituted this suit upon a promissory note for $1,500, against the Lone Star Milling Company as maker and Oakes and Witt as indorsers. Heretofore, on January 19, 1912, upon motion, this court ordered the statement of facts to be stricken out, and has overruled the motion for rehearing on such order. There being no statement of facts in the record and no findings of fact, none of the assignments of error can be considered.

We have inspected the record for the purpose of ascertaining if it contains any fundamental errors requiring a reversal. Having failed to find any fundamental errors, the judgment of the trial court is affirmed.