EDWARD H. HUNTER, Plaintiff, v. THE DISTRICT COURT OF POLK COUNTY, and JOSIAH GIVEN, Judge thereof.

Certiorari: CONTEMPT: TRIAL: EVIDENCE. In a contempt proceeding for attempting to influence a juror, the admission of a transcript of evidence taken upon the trial of another cause, based largely upon the same state of facts, which included a transcript of testimony before a committee of the bar association, was error, the defendant being entitled to a trial under the statute, and, not having been a party to the other case nor the committee investigation, such matters were hearsay and inadmissible.

THURSDAY, JANUARY 12, 1905.

CERTIORARI proceedings originally brought in this court to review the action of the district court of Polk county (Hon. Josiah Given, judge) in respect of certain contempt proceedings had in that court, and wherein this plaintiff was adjudged guilty of a contempt of court. The opinion states the case.— *Annulled.*

*Parrish, Dowell & Parrish* and *Bowen & Brockett,* for plaintiff.

*Thos. A. Cheshire, Wm. H. Baily,* and others, for defendants.

BISHOP, J.— The return to the writ issued shows that in October, 1903, an information was filed in the district court of Polk county charging this plaintiff with a contempt of court, for that, well knowing that one M. V. Kennedy was a juror duly summoned, drawn, and sworn as one of the jury in a civil cause wherein one Pflanz was plaintiff, and the Iowa Telephone Company was defendant, then pending and on trial in said court, he did willfully and knowingly attempt to improperly influence said juror to render a verdict in said cause, by causing and procuring one M. H. Drady to converse with said juror about said cause, the merits thereof, and the verdict to be rendered therein, and to inform said juror as to the nature and amount of the verdict in said cause expected and desired by said company, and requesting said juror to render a verdict favorable to said company, and requesting said juror to see said Hunter in respect to the verdict to be rendered in said cause. Upon filing of such information, a rule issued, and in response thereto this plaintiff appeared and made answer in writing and under oath, in which he denied, all and singular, the allegations in the information contained. A motion for discharge based

upon the denials contained in the answer having been over-
ruled, a trial was had, resulting in a finding of guilty, and
the entry of judgment for a fine and costs.   It further ap-
pears from the return that upon the trial in the district
court, and at the beginning thereof, the court, on its own
motion, made the following announcement and order:   "It
being apparent to the court from the informations filed in
the case of The State v. Drady and The State v. Hunter
that these two cases rest, in part, at least, upon the same
state of facts, as claimed, and the testimony in the case of
The State v. Drady having been taken, it is the order of
the court, made to avoid an unnecessary consumption of time,
that the testimony in the case of The State v. Drady shall
be considered in this case as taken therein, subject to the
objections, rulings, and exceptions made on the taking of that
testimony, and subject to the further right of the defendant,
Hunter, to object to any part thereof as being incompetent,
immaterial, or irrelevant, as relating to him."   To this order
both parties objected and took exception.   Thereupon the
trial proceeded, and a submission of the case was taken upon
the oral testimony of two witnesses, and a transcript of the
evidence taken upon the trial of the Drady case.   It appears
that included in the latter was a document in writing pur-
porting to be a transcript of evidence given under oath by
M. Drady before a committee of the bar of Polk county ap-
pointed by the court to make investigation in respect of
alleged attempts theretofore made to influence jurors in at-
tendance upon said court.

The contention is now made in this court by counsel for
plaintiff that the admission of the transcript of the evidence
of the various witnesses who testified in the Drady case, and
especially the transcript of the evidence given by Drady
before the bar committee, as evidence in the instant case,
was unauthorized and illegal, and that such transcripts were
wholly incompetent and irrelevant as evidence upon the trial
of the case against this plaintiff; further, that there was not

sufficient competent evidence to authorize the judgment against this plaintiff.

Confessedly, the oral testimony introduced upon the trial, taken by itself, was insufficient to warrant a finding of contempt as charged in the information. We are brought, then, to the inquiry, were the transcripts put in evidence by the court on its own motion competent? We think this question must be answered in the negative. Especially in cases involving an alleged constructive contempt, the statutes of this State contemplate a trial. Code, section 4466. And such is our holding in the cases of *Wells v. District Court,* 126 Iowa, 340, and *Drady v. District Court,* 126 Iowa, 345. Now, a trial means an investigation into the facts according to the forms of law. It means that, in character, the evidence brought forward in proof of the charge made must be competent and relevant to the issue, and this according to the established rules relating to the admissibility of evidence. Whether Hunter had the right to have the witnesses confront him in person, we need not decide. To say the least, he had the right to have the testimony taken under the issue made by his answer, and to conduct the examination and cross-examination of the witnesses, make objections, etc., according to his own conception of his rights and interests. He was not a party to the *Drady Case,* nor to the bar committee investigation; and certainly there is no statute provision, nor is there any rule at common law recognized in this State, under which his conviction could be accomplished by confronting him with a case previously made up on an issue between other parties, and saving to him only the right to make additional objections if he was so advised. In our view, the recitals of fact contained in the transcripts could not bind any one aside from the immediate parties to the proceeding in which the evidence was taken. To all others they were as hearsay, and could not, therefore, be admissible in proof of any substantive fact in issue in any trial, civil or criminal. Our conclusion has support in the following

authorities: *State v. Van Winkle,* 80 Iowa, 15; *Southern W. L. Co. v. Haas,* 73 Iowa, 399; 11 Am., & Eng. Enc. of Law, 526, and cases cited.

It follows from what we have said that the judgment entered by the district court was unauthorized and void, and that the same should be annulled. It is so ordered.— *Annulled.*