GULF, COLORADO & SANTA FE RAILWAY COMPANY v. G. M. FELTS.

Decided April 27, 1910.

**1.—Statement of Facts—Extension of Time.**

Though the term of court lasted more than eight weeks and the statement of facts was not filed within thirty days from entry of final judgment, an order of the court made after the expiration of that time and after the adjournment of the term, extending the time, was sufficient to permit its filing within the time limited by such extension. (Act of May 1, 1909, Laws, Thirty-First Leg., p. 376.)

**2.—Same—Final Judgment.**

The thirty days from the entry of final judgment allowed by the statute for filing statement of facts is to be computed from the date of the overruling of the motion for new trial.

Appeal from the District Court of Bell County. Tried below before Hon. John D. Robinson.

*John B. Durrett,* for motion.

*Terry, Cavin & Mills* and *A. H. Culwell,* contra.

MOTION TO STRIKE OUT STATEMENT OF FACTS.

RICE, ASSOCIATE JUSTICE.—Defendant in error has filed his motion to strike from the record the statement of facts, and as grounds therefor states that "the term of said District Court at which said judgment was rendered, as fixed by law, commenced on the first day of November, 1909, and continued till the third day of January, 1910, a period of more than eight weeks; the final judgment in said cause was rendered on November 23, 1909; the statement of facts was filed on February 28, 1910; the orders extending the time for filing said statement of facts were entered on December 30, 1909, and January 22, 1910, and no statement of facts was filed, and no order extending the time for filing said statement of facts was entered within thirty days from the date of the final judgment, as required by law." But as a basis for our opinion we wish to supplement what has been said in the motion by the following additional facts taken from the record: The verdict was rendered and judgment entered thereon November 23, 1909. The motion and amended motion for new trial, although duly filed, were not overruled until December 30, 1909; and the judgment overruling said motions, after giving notice of appeal, contained an order allowing the statement of facts to be made up and filed within thirty days from and after the adjournment. The court adjourned on the 31st of December, 1909. For good cause shown, the court on January 22, 1910, extended the time for filing the statement of facts thirty days after the expiration of the first thirty days previously granted for this purpose. The statement of facts was made up and filed on the 28th day of February, 1910, within the time allowed by said last order, which defendant in error asserts to be too late, on the ground, as above shown, that the order allowing the statement of facts to be filed was not made within thirty days from the date of the entry of final judgment. The statement of facts in this case was not agreed to by the parties, but was made up and filed by the court.

By section 7, pp. 376-7, Acts of the Thirty-First Legislature, approved May 1, 1909, parties to a suit in the District or County Court, as matter of law, are entitled to thirty days after the date of adjournment of court in which to prepare and file a statement of facts and bills of exception. And it is also provided therein that the court trying the case shall have power, in term time or in vacation, upon application by either party, for good cause shown, to extend the time for the preparation and filing of said statement of facts and bills of exception, declaring, however, that the same shall not be so extended as to delay the filing of the statement of facts, together with the transcript of the record, in the Appellate Court within the time provided by law; and likewise provides that when the parties fail to agree upon the statement of facts, and this duty devolves upon the court, then the court shall have such time in which to do so, after the expiration of the thirty days hereinbefore provided, as the court may deem necessary; but in such cases shall not postpone preparation thereof so as to delay the filing of the same, together with the transcript of the record, in the Appellate Court

within the time prescribed by law. But said Act further provides that "if the term of the court may by law continue more than eight weeks, then the statement of facts and bills of exception shall be filed within thirty days after the final judgment shall be rendered, unless the court, by order entered of record in said cause, extends the time for filing said statement of facts and bills of exception."

So that the question raised by this motion is whether or not in the present case, where the term of court lasted more then eight weeks, the clause requiring the statement to be filed within thirty days after the final judgment shall be rendered, precludes the parties from filing the statement, where an order was not made allowing it to be filed till thirty days after the entry of the judgment upon the verdict. We think the last proviso in section 7 just quoted grants the court the right, even where the court lasts more than eight weeks, by order properly entered, to extend the time for filing such statement and bills of exception for a longer period than thirty days after the final judgment. And in the present case, as such an order was in fact made by the court, we are inclined to believe that the statement of facts was properly allowed. But, apart from this, however, it is shown by the record that the motion for new trial was not overruled until the 30th of December, 1909, which fact of itself, we think, without the proviso last mentioned, would have allowed the parties thirty days from and after the overruling of said motion within which to file the same, because, as long as the motion for new trial was pending, there was no final judgment. Nor is a party required to anticipate that the court will overrule the motion, and thereby prepare a statement of facts in advance of the ruling of the court thereon. We think that where the term of the court does not last over eight weeks, the parties to a suit under this law, unquestionably have thirty days from and after adjournment, without the entry of any order to that effect, within which to prepare and file a statement of facts. But where the court extends beyond eight weeks, then the thirty days for filing the statement of facts must commence from the time of the entry of the final judgment in the case, which we construe to mean, thirty days from and after the day the motion for new trial, if any such is filed, should be disposed of.

For both of the reasons above suggested, we are inclined to believe that the motion to strike out the statement of facts is not well taken; and hence, we conclude that it should be overruled, and it is accordingly so ordered.

*Motion overruled.*