HERRICK HARDWARE CO. v. BEARD et al. (No. 5825.)

(Court of Civil Appeals of Texas. Austin. Nov. 14, 1917. Rehearing Denied Jan. 4, 1918.)

APPEAL AND ERROR ☞404—FAILURE OF RECORD TO DISCLOSE FINAL JUDGMENT — DISMISSAL.

Where the record fails to disclose a final judgment, the Court of Appeals has no jurisdiction, and the appeal will be dismissed.

Appeal from Milam County Court; John Watson, Judge.

Suit between the Herrick Hardware Company and W. B. Beard and another. The former appeals. Appeal dismissed.

E. A. Wallace, of Cameron, for appellant. J. W. Garner, of Rockdale, for appellees.

RICE, J. We have carefully examined the record, and fail to find a final judgment, in the absence of which the court has no jurisdiction. It therefore becomes our duty to dismiss this appeal; and it is so ordered.

---

ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McCORD. (No. 5955.)

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1917. Rehearing Denied Jan. 2, 1918.)

APPEAL AND ERROR ☞564(5)—EXCEPTIONS, BILL OF ☞43(2)—TIME FOR FILING BILLS OF EXCEPTIONS.

Statutes prescribing the time for filing bills of exception and statements of fact are mandatory, and it is no defense to motion to strike that the trial court and the attorneys were mistaken as to the time, or that the appellant was misled by the opposing counsel.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by Florence Esther McCord against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Motion by plaintiff to strike out bills of exception and assignments of error. Granted as to bills of exceptions.

W. L. Eason and W. B. Carrington, both of Waco, for the motion. Scott & Ross, of Waco, opposed.

KEY, C. J. In this case appellee has submitted a motion to strike out some of appellant's bills of exception and certain assignments of error alleged by appellee to be based upon the bills of exception referred to. As to the bills of exception, the motion is based upon the fact that they were not filed within the time prescribed by law, nor within the additional time allowed by the trial court. The record shows that they were filed several days after the time allowed by the court's order extending the time; but counsel for appellant make the contention that the bills should not be stricken out, but should be considered, because of certain facts stated in the affidavit of one of appellant's attorneys, which facts, it is claimed, show that the respective attorneys and the trial judge believed that the time allowed for filing the bills extended 60 days from the time the court adjourned for the term, whereas, on account of the fact that the term of court lasted more than eight weeks, and that the appeal was perfected before the final adjournment of the court, the time expired several days before the bills were filed. In addition thereto it is contended that the affidavit referred to shows that appellant's attorney was misled by certain conduct of one of appellee's attorneys, and was thereby prevented from filing the bills within the time allowed.

The attorney last referred to has filed an affidavit controverting some of the facts stated in the affidavit of appellant's attorney, but we deem it unnecessary to decide that phase of the case, because it is now well-settled law in this state that the statute prescribing the time for filing bills of exception and statements of fact is mandatory, and therefore the party failing to comply with it cannot defeat a motion to strike out, unless he shows that such instruments were filed within the time allowed by an order of the trial court. Couturie v. Crespi, 103 Tex. 554, 131 S. W. 403. Hence we sustain that part of the motion which seeks to have certain bills of exception stricken out.

As to the assignments of error, we decline to sustain the motion to strike out, but will consider the objections made to them in the submission and decision of the appeal.