### MARTIN v. MARTIN et al. (No. 6313.)

(Court of Civil Appeals of Texas. Austin. Feb. 23, 1921.)

**1. Appeal and error 544(1) — Denial of continuance not reviewed in absence of statement of facts.**

Where there was no statement of facts in the record making it appear that the denial of a continuance was error, the matter cannot be reviewed.

**2. Appeal and error 564(3)—Writ of error is method of "appeal" within statute allowing extension of time for filing statement of facts.**

Within Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, declaring that, when an appeal is taken from the judgment rendered in any cause in any district or county court, the parties shall have 30 days within which to file a statement of facts and bills of exceptions, but that on good cause shown the trial judge may extend time, etc., removal of a case from a trial court to an appellate court by writ of error is a method of "appeal," and the time for filing the statement of facts may be extended.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appeal.]

**3. Appeal and error 569(3)—Where parties fail to agree on statement of facts, trial judge must prepare and file the same.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, where the parties fail to agree on a statement of facts, and the party appealing or bringing error presents his statement to the trial judge and requests him to prepare and file a statement of facts, it is the duty of the judge to do so, and, if he fails or refuses, the appellant is entitled to have the case reversed.

**4. Appeal and error 569(3) — Certification by counsel that statement of facts was true and correct compliance with requirement requiring certification on knowledge and belief.**

Where on failure of the parties to agree as to the statement of facts counsel for plaintiff in error presented to the trial judge within time as extended a statement of facts bearing their signed certification that it was a true and correct statement of facts in the case, there was a sufficient compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, declaring that in case of failure of the parties to agree the judge shall not be required to prepare a statement of facts unless the party appealing by himself or his attorney shall prepare a statement of facts and certify thereon over his signature that, to the best of his knowledge and belief, it is a full and fair statement of all of the facts.

Error from District Court, Coryell County; J. H. Arnold, Judge.

Suit for partition of real estate between T. R. Martin and Clark Martin and others. From the judgment, T. R. Martin brings error. Reversed and remanded.

Thurmon, Nicholson & Saxon, of Dallas, for plaintiff in error.

KEY, C. J. This is a suit for the partition of real estate, wherein the plaintiff in error, being dissatisfied with the judgment, has brought the case to this court by writ of error, and has presented it upon two assignments.

[1] The first assignment complains of the action of the trial court in refusing to grant plaintiff a continuance; but, as there is no statement of facts in the record, it is not made to appear that error was committed in that respect, and that assignment is overruled.

The other assignment complains of the action of the trial judge in refusing to prepare and file a statement of facts after the parties had failed to agree upon that subject. The final judgment was rendered on the 28th day of August, 1919, and 60 days from the rendition thereof was allowed in which to prepare and file a statement of facts and bills of exceptions. On November 1, 1919, application was made by plaintiff in error for additional time, and the same was granted by an order which reads as follows:

"Considering the foregoing petition, it is ordered that the defendant T. R. Martin be allowed an additional 30 days in which to prepare and file a statement of facts and bill of exception, making 90 days in all from the rendition of the judgment herein on the 30th day of August, 1919. J. H. Arnold, Judge."

On November 22d another application for extension was presented to the judge, and he granted the same by the following order:

"Considering the foregoing petition, it is ordered that an additional time of 30 days be given to defendant T. R. Martin dating from December 6, 1919, or 120 days from the rendition of the judgment herein, for the court to prepare the bills of exceptions and statements of facts, all as prayed for according to law.
"J. H. Arnold, Judge."

On the same day the judge approved three bills of exceptions presented by the plaintiff in error, and the latter presented to him a statement of facts, which he had prepared, which, after giving the style and number of the case, contained, among other things, the following stipulation:

"We, the parties of the above styled and numbered cause whose names are signed hereto, being all of the parties to this suit, hereby agree that the following is a true and correct statement of the facts in this cause."

Then followed what purported to be the testimony that was introduced, and it concluded as follows:

"The above statement of facts were presented to Messrs. Stinnett & Stinnett, attorneys for plaintiffs, and they refused to agree to same and it was impossible for the attorneys for plaintiffs and attorneys for defendant to agree on a statement of facts, and same were presented to the Honorable J. H. Arnold, judge of the district court of Coryell county, for the purpose of having him to prepare the statement of facts, and he stated he would not prepare same as the time to prepare same had expired. Lyle Saxon, Atty. for T. R. Martin, Defendant."

The trial judge made the following indorsement upon that document:

"November 22, 1919. Above and foregoing statement of facts presented to me on this date and same not agreed to by attorneys for plaintiff, and time long since having expired, I feel that I should not now be asked to file a statement of facts, and for that reason do not approve this statement of facts and refuse and decline to make one myself.
"J. H. Arnold, Judge Presiding."

[2] A writ of error was sued out during the latter part of December, 1919, which was within six months from the date of the final judgment. Removal of a case from a trial court to an appellate court by writ of error is a method of appeal, and therefore article 2073, Vernon's Sayles' Ann. Civ. St. 1914, which authorized the trial judge to extend the time for filing statement of facts and bills of exceptions when an appeal is taken, applies when the appeal is prosecuted by writ of error. That article reads as follows:

"When an appeal is taken from the judgment rendered in any cause in any district or coun-

ty court, the parties to the suit shall be entitled to any (and) they are hereby granted thirty days after the day of adjournment of court, in which to prepare or cause to be prepared, and to file a statement of facts and bills of exception; and upon good cause shown, the judge trying the cause may extend the time in which to file a statement of facts and bills of exception. Provided, that the court trying such cause shall have the power in term time or in vacation, upon the application of either party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time in which to do so after the expiration of thirty days, as hereinbefore provided, as the court may deem necessary, but the court in such case shall not postpone the preparation and filing of same, together with the transcript of the record, in the appellate court within the time prescribed by law. Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exceptions shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception. Provided, further, that when the parties fail to agree upon a statement of facts, the judge shall not be required to prepare such statement of facts unless the party appealing, by himself or attorney, within the time allowed for filing, shall present to the judge a statement of facts, and shall certify thereon, over his signature, that to the best of his knowledge and belief, it is a full and fair statement of all of the facts proven on the trial. Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same."

[3] That statute has been frequently construed, and this court has held that when the parties fail to agree upon a statement of facts, and the party appealing presents his statement to the trial judge and requests him to prepare and file a statement of facts, the statute makes it his duty to do so; and, if he fails to perform that duty, the appellant is entitled to have the case reversed. Broderick & Bascom Rope Co. v. Waco Brick Co., 150 S. W. 600.

[4] In this case the time had not expired for filing a statement of facts when the trial judge made his indorsement refusing to approve the one presented to him by the plaintiff in error, and also to make a statement of facts himself. So it seems clear that the case must be reversed, unless the plaintiff in error failed to comply with the last proviso in article 2073, set out above, which requires the party appealing, or his

attorney, to certify on the statement of facts which he presents to the judge that, to the best of his knowledge and belief, it is a full and fair statement of all the facts proven on the trial. Counsel for plaintiff in error contend that that proviso was intended for the benefit of the trial court alone, and that, as it affirmatively appears in this case that the refusal to approve the statement of facts presented, or to prepare another, was not based upon that ground, that provision of the statute should be given no weight in this case.

Without expressing an opinion on that subject, we hold that the statute referred to was substantially complied with. Though it is not to be considered as a statement of facts for the purpose of disposing of the appeal, the transcript, as heretofore stated, contains a copy of the statement of facts presented to the trial judge by the plaintiff in error, and it contains the statement "that the following is a true and correct statement of the facts in this cause"; and it is signed by the attorney for the plaintiff in error. It is true it does not contain the statement that, to the best of the attorney's knowledge and belief, it is a full and fair statement of all the facts proven on the trial, but it goes further, and says, without such limitation, that "the following is a true and correct statement of the facts in this cause.'" The statement that it was a true and correct statement of the facts carries with it the necessary implication that it was such to the best of the attorney's knowledge and belief, and the language "true and correct statement" contained in that document is equivalent to the words "a full and fair statement" contained in the statute. That statement, which is signed by the attorney for the plaintiff in error, seems to us to be a substantial compliance with the statute.

Our conclusion is that the judgment of the court below should be reversed, and the cause remanded; and it is so ordered.

Reversed and remanded.