,W. M. FOSTER v. MRS. MINNIE L. BOURGEOIS ET AL.

No. 4035.   Decided March 12, 1924.

(259 S. W., 917.).

**Bills of Exception—Time for Filing—Final Judgment.**

The thirty days "after final judgment shall be rendered," allowed by article 2073, Rev. Stats., for filing bills of exceptions where the term of court exceeds eight weeks, run from the date of the judgment disposing of the issues between the parties, not from that of the overruling of a motion for new trial. Cooper v. Yoacum, 91 Texas, 391, followed. Gulf, C. & S. F. Ry. Co. v. Felts, 128 S. W., 155, overruled. (Pp. 490, 491).

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Mrs. Bourgeois, her husband joining, sued Foster and had judgment. This was affirmed on appeal by defendant (253 S. W., 880) who thereupon obtained writ of error.

*S. P. Ross* and *Bryan Maxwell,* for plaintiff in error.

The bills of exception were filed within the time allowed, which dated from the overruling of motion for new trial. Gulf C. & S. F. Ry. Co. v. Felts, 128 S. W., 155.

*Witt, Terrell & Witt,* for defendants in error.

The bills of exception were not filed within the time allowed by Art. 2073, Rev. Stats. Loeb v. I. & G. N. Ry. Co., 186 S. W., 378; Pearce v. Supreme Lodge, 190 S. W., 1156; Unknown Heirs v. Robbins, 152 S. W., 210; Byrne v. Texas Lumber Co., 198 S. W., 600; Camp v. Gourley, 201 S. W., 671; Cooper v. Young, 91 Texas, 391; Carpenter v. Carpenter, 142 S. W., 633; Evans v. San Antonio Traction Co., 166 S. W., 408; St. Louis & S. F. Railway Co. v. Stapp, 171 S. W., 1080; Cobb & Gregory v. Dies, 203 S. W., 439, 440; Williams v. Knight Realty Co., 217 S. W., 756; Lacey v. McClure Co., 223 S. W., 872; 36 Cyc., 1153; Rev. Stats., Arts. 1631, 1632.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action for damages for malicious prosecutions, brought by defendant in error against plaintiff in error, resulting in a judgment for defendant in error for $2000 actual damages and $8000 exemplary damages.

On appeal by plaintiff in error, the Honorable Court of Civil Appeals affirmed the judgment of the trial court, after refusing to consider assignments of error based on certain bills of exceptions.

The term of court at which the case was tried continued more than

eight weeks.  The trial court, by proper orders, extended the time for filing the bills of exceptions for seventy days in addition to the thirty days allowed by law.  The decree adjudging that defendant in error recover from plaintiff in error $10,000 with interest and costs, was rendered and entered on November 8, 1921.  Plaintiff in error's motion for new trial was overruled December 22, 1921.  The bills of exceptions were filed on April 1, 1922—more than one hundred days after the date of the judgment but within one hundred days after the date of the order overruling the motion for new trial.  The ruling of the Court of Civil Appeals was that the thirty days allowed by article 2073 of the Revised Statutes ran not from the rendition of the order overruling the motion for new trial but from the rendition of the previous judgment disposing of the issues between the parties.

The writ of error was granted because the ruling was in conflict with the previous decision by the same court in the case of Gulf C. & S. F. Ry. Co. v. Felts, 128 S. W., 155.  In that case, article 2073 was construed to allow 30 days from and after the day the motion for new trial was overruled for filing a statement of facts or bills of exceptions: "because, as long as the motion for new trial was pending, there was no final judgment," and because a party should not be "required to anticipate that the court will overrule the motion."  In this case, the Court of Civil Appeals overruled the decision in the Felts case, following the opinion of the Supreme Court in Cooper v. Yoakum, 91 Texas, 391.

The opinions of Justices Key and Blair in this case give the true construction to article 2073.  The direction of the statute that the statement of facts and bills of exceptions "shall be filed within thirty days after final judgment shall be rendered" provided the term of court may by law continue more than eight weeks, means nothing else, in our view, than that the thirty days thereby allowed for the preparation and filing of the statement of facts and bills of exceptions are the thirty days following rendition of the final judgment, regardless of whether a motion for new trial be filed and regardless of the date when it may be acted upon, if filed.

In the same title in which article 2073 is found, occur the articles declaring that "only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law"; and that the judgment shall give the parties all the relief to which they are entitled in law or equity; and that appeals or writs of error lie only from a "final judgment" save where otherwise expressly provided; and that an appeal is ordinarily perfected "by giving notice of appeal in open court, within two days after final judgment or two days after judgment overruling a motion for a new trial," and by filing an appeal bond; and that a writ of error, when allowed, must be sued out "at any time within twelve months after the final judgment is

rendered and not thereafter." Arts. 1997, 1994, 2078, 2084, 2086 R. S.

The language of these statutes make manifest that the words "final judgment" are used throughout in the same sense, and that is to mean the sentence of the law, pronounced by the court, which completely disposes of both parties and subject-matter. It is true that the court during the term possesses broad power relative to the vacation of a final judgment. The power may be exercised even in the absence of any motion for new trial. But, the exercise of the power presuppposes the previous rendition of a final judgment.

As pointed out by the learned judges of the Court of Civil Appeals, the decision in Cooper v. Yoakum, supra, is conclusive of this question.

We see no reason whatever to disturb the findings of the courts below that such malice was shown in the prosecutions complained of as to support the award of the exemplary damages for which judgment was rendered.

Finding no error for which the judgments of the courts below should be reversed, it is ordered that the same be in all things affirmed.

*Affirmed.*