WHITE v. TAYLOR et al. (No. 1755.)

Court of Civil Appeals of Texas. Beaumont. Dec. 6, 1928.

Rehearing Denied Dec. 12, 1928.

Fred A. White, of Port Arthur, in pro. per.
Sanders & Lane, of Center, for defendants in error.

On Motion to Strike Statement of Facts.

WALKER, J. This is an appeal by writ of error. The term of court wherein this case was tried convened February 13, 1928, and adjourned March 23, 1928. By law it could not continue in session eight weeks. Final judgment was entered in this case on March 13, 1928. The statement of facts was filed in the trial court June 30th,. with the following approval by the trial judge:

"The above and foregoing 49 pages of typewritten matter having been agreed to by the parties to the above entitled and numbered cause as the statement of facts therein, and having been examined by me and found to be correct, is approved by me and signed as the statement of facts therein. This 22nd day of June, A. D. 1928. R. T. Brown, Judge Fourth Judicial District."

No order extending the time of filing was ever requested by plaintiff in error, nor was such an order made by the judge. Plaintiff in error gave due notice of appeal, and duly filed an appeal bond April 11th, but, abandoning his appeal, filed his petition for writ of error and writ of error bond May 14th. Service of citation in error was had on May 14th. On the facts stated, defendants in error have moved to strike out the statement of facts on the ground that it was not duly filed in accordance with the provisions of article 2246, Revised Civil Statutes, 1925. Plaintiff in error has offered no excuse for not filing the statement of facts sooner, nor for his failure to ask and secure an extension of time for filing. By his answer he insists that the statement of facts was duly filed within the time required by article 2246, and the general law regulating the filing of the statement of facts. Since his appeal is by writ of error and the statement of facts was filed in time so as not to delay its filing together with the transcript of the record in the appellate court within 90 days from the filing of the writ of error bond, plaintiff in error insists that it was duly filed. He further insists that the 80 days allowed for filing statement of facts in appeals by writ of error run from the filing of the writ of error bond rather than from and after adjournment of the term of court wherein the case was tried. Article 2246, omitting section 2, which has reference to courts that may by law continue in session more than 8 weeks, is as follows:

"The time for filing statements of fact and bills of exception in the district and county courts and county courts at law shall be governed by the following rules:

"1. When the appeal is taken from a judgment rendered in a civil cause tried in any of said courts, the party appealing shall have eighty days after the adjournment of the term of the court wherein the cause is tried within which to prepare and file his statement of facts and bills of exception in the trial court.

*  *  *  *  *  *  *  *  *

"3. Upon application of the party appealing, the judge before whom the cause is tried may, in term time or vacation for good cause shown, extend the time for filing such statements of fact and bills of exception; but the time shall not be extended in any case so as to delay the filing of the statement of facts together with the transcript of the record in the appellate court within ninety days after the date of filing the appeal or writ of error bond."

It is the intent of this article that the statement of facts must be filed within the statutory period of time, and that it cannot be filed after that time, except upon an extension granted by the trial judge or upon his express order. This was the construction given it by the Commission of Appeals in Gerneth v. Galbraith, etc., 300 S. W. 18, where it was said that the clerk of the trial court is without authority to file the statement of facts after the expiration of the 80 days when not ordered to do so by the trial judge, and that his act in filing in violation of this article is a nullity. While this was a case of "appeal" and the case before us is a "writ of error," this article applies alike to both methods of appeal. The removal of a cause from a trial court to an appellate court by writ of error is a method of appeal, Martin v. Martin (Tex. Civ. App.) 229 S. W. 695; and, since we have no statute specifically referring to and regulating the filing of the statement of facts in appeal by writ of error, the one so appealing must look to this article for authority to file his statement of facts. This article purports, by its express terms, to regulate the filing "when the appeal is taken from a judgment rendered in a civil cause tried" in a district or county court. This language is broad enough to include appeals by writs of error. We do not agree with plaintiff in error that the article when so construed works a hardship upon or deprives one appealing by writ of error of the advantages of that method of appeal. The statute, as we understand it, simply imposes upon the plaintiff in error the exercise of diligence to secure the statutory extensions from the trial judge. The only limitation upon his rights in this respect is that his time may not be extended so as to delay the filing of the statement of facts together with the transcript of the record in the appellate court within 90 days after the date of filing the writ of error bond. In Golden West Oil Co. v. Golden Rod Oil Co. (Tex. Civ. App.) 285 S. W. 627, decided after article 2246 became effective,

the court referred to that article under its old number 2073, saying: "In construing Article 2073, Rev. St. of 1911, the courts have held that in writs of error the statement of facts may be filed within 90 days after the service of citation in error"—citing authorities upon which that proposition is based, but article 2073 (as amended by Acts 1911, c. 119, § 7) was given that construction because of its concluding clause, which was as follows: "Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same." This clause was omitted by the codifiers, and is not a part of our present statutory law.

It follows that the statement of facts in this case was improperly filed, and the motion to strike must be and the same is hereby sustained.

### On the Merits.

This suit was brought by plaintiff in error to cancel a deed in writing executed by him and his brothers, purporting to convey certain lands situated in Shelby county, Tex., to Boyer Taylor, and a second deed conveying the same land from Boyer Taylor to Luke Motley, and a third deed from Luke Motley, reconveying the same land to Boyer Taylor. It was his theory that the deed from him and his brothers to Boyer Taylor was delivered without his authority and without any consideration passing to him, and that neither Taylor nor Motley was an innocent party. The theory of Taylor and Motley was that the deed was regularly delivered to Taylor; that a valuable consideration passed from Taylor to plaintiff in error's brothers as agents for plaintiff in error, and that plaintiff in error, by the delivery of the deed, was divested of all title to the land. Upon a trial to the court without a jury judgment was against plaintiff in error that he take nothing, supported by the following conclusions of fact and law, which, with the statement already made, fully states the nature and result of this suit:

### "Findings of Fact.

"1. I find as a fact that the plaintiff, Fred A. White, together with his brother, B. B. White, on or about the 21st day of November, 1925, conveyed to Boyer Taylor, one of the defendants herein the land involved in this suit, which deed was then delivered to H. L. Smith, commonly called Henry Smith, and a half brother of the plaintiff, Fred A. White, with instructions for H. L. Smith, and W. W. Smith, to also execute said deed to Boyer Taylor. That said Fred A. White delivered said deed to said H. L. Smith, when said deed recited the full cash consideration and then and there constituted H. L. Smith as the agent of said Fred A. White to deliver same to Boyer Taylor, with full power to receive the consideration to be agreed upon between said H. L. Smith and Boyer Taylor.

"That said H. L. Smith and W. W. Smith, did then and there after said deed was delivered to H. L. Smith, at Port Arthur, Texas, or Beaumont, Texas, and after said H. L. Smith arrived at Teneha, in Shelby County, Texas, execute said deed to Boyer Taylor and received from Boyer Taylor the consideration agreed upon between H. L. Smith and Boyer Taylor.

"2. I find as a fact that said H. L. Smith and W. W. Smith nor either of them ever delivered or paid Fred A. White, plaintiff, the consideration so paid them by said Boyer Taylor, for the land involved in this suit.

"3. I find as a fact that after said deed was delivered to Boyer Taylor, as aforesaid, that the plaintiff, Fred A. White, purchased from his brother, B. B. White, whatever interest, if any, the said B. B. White, had to the land in controversy which I find as a fact to be nothing.

"4. I find as a fact that both Boyer Taylor and Luke Motley, defendants herein, purchased the land involved in this suit from H. L. and W. W. Smith, without any notice whatever that the plaintiff, Fred A. White, and his brother, B. B. White, had any notice or claim to said land; that both the said Boyer Taylor and Luke Motley paid a valuable consideration for said land and without any notice of any of the facts as alleged by plaintiff relating to any fraud of H. L. Smith and W. W. Smith or either of them and without any notice of any fact or facts that would place either of them upon any inquiry.

### "Conclusions of Law.

"1. I conclude as a question of law that when the plaintiff, Fred A. White, delivered to H. L. Smith the deed in question, which deed was then signed by Fred A. White and B. B. White, and which deed recited that the full cash consideration had been paid, that the said Fred A. White constituted H. L. Smith as his agent for any and all purposes relating to the delivery of the deed, receiving the consideration therefor and to receive a greater or less consideration as might be agreed upon by and between H. L. Smith and Boyer Taylor.

"2. I conclude as a question of law that the defendant and each of them having purchased the land in question in good faith for a valuable consideration and without any notice of any fraud or nonpayment by H. L. Smith of the consideration specified in the deed to Boyer Taylor, that the law is against the plaintiff and the deeds in question should not be cancelled but should be held to pass the title to Boyer Taylor, and judgment is rendered against the plaintiff."

On the conclusions of fact, judgment was properly entered against plaintiff in error and in favor of defendants Boyer Taylor

and Luke Motley for the land in controversy. The court found that plaintiff in error constituted his brother H. L. Smith his agent to deliver the deed to Boyer Taylor, upon a consideration to be agreed upon between. the agent and Taylor, and to receive that consideration. The court found further facts showing the legal ·execution and delivery of the deed to Taylor and payment by him to plaintiff in error's agent of the agreed consideration. Without a statement of facts, we are without jurisdiction to review the trial court's conclusions of fact. On the facts found, the legal and equitable title to this land was divested out of plaintiff in error and vested in defendants in error. Therefore plaintiff in error had no cause of action to cancel his deed.

Affirmed.