## PRATLEY v. SHERWIN–WILLIAMS CO.
### (No. 10437.)

Court of Civil Appeals of Texas. Dallas.
Oct. 9, 1929.

Rehearing Denied Nov. 9, 1929.

Currie McCutcheon, of Dallas, for plaintiff in error.

Leake, Henry, Wozencraft & Frank, of Dallas, for defendant in error.

VAUGHAN, J. This appeal presents but one question, namely, Was plaintiff in error wrongfully deprived of his right to have approved and filed his statement of facts? On October 20, 1928, motion of defendant in error to strike out statement of facts filed in this cause on September 19, 1928, was sustained, on the ground, that it affirmatively appeared from the record that same had not beenj agreed to by the attorneys representing the respective parties and approved by the trial judge. The disposition of said motion by this court is not questioned; it being contended by plaintiff in error that he was by certain acts and conduct of the trial judge and counsel representing defendant in error wrongfully deprived of his statement of facts, in that, but for such acts and conduct, same would have been filed in due time, and that therefore the judgment in the trial court should be reversed.

Following are the facts material to the disposition of this question, established by the transcript of record and the affidavit of the attorney for plaintiff in error, included in said record, namely: This cause was tried in the Ninety-Fifth judicial district court of Texas for Dallas county (of which court Hon. Royal R. Watkins is the presiding judge) by Hon. Silas Hare, judge of the Fifteenth judicial district court of the state of Texas, presiding as judge of said Ninety-Fifth judicial district, under the Act of the Fortieth Legislature, c. 156, p. 228, organizing and dividing the state of Texas into nine judicial districts, providing for the transfer of district judges and the extension of terms of district courts. Judgment was rendered on February 6, 1928. Plaintiff in error filed his amended motion for a new trial February 10, 1928, on which date said motion was heard and overruled by Hon. P. O. Beard, judge of the Sixty-Seventh judicial district court of Texas, sitting for Hon. Royal R. Watkins, judge of the Ninety-Fifth judicial district court of Texas. At the same time, and forming a part of the order overruling said motion, Judge Beard "allowed plaintiff in error 80 days from the time allowed by law in which to prepare and file bills of exception and statement of facts."

At this time Judge Hare was in his own district, holding court, and Judge Beard had been assigned by the presiding judge of the administrative district, in which Dallas countyı is included, to try cases in Dallas county, and was so engaged at the time he overruled the amended motion of plaintiff in error for a new trial. The statement of facts involved was dated July 10, 1928, and was presented by the attorney for plaintiff in error to the attorneys for defendant in error on July 13, 1928. On July 14, 1928, attorneys for defendant in error returned to attorney for plaintiff in error said statement of facts, advising him that they refused to agree to same, on the ground that the period of 90 days following the overruling of the motion for a new trial had long since expired at the time said statement of facts was presented. On July 18, 1928, said statement of facts was received by Judge Silas Hare at Sherman,

Tex., by express, together with a letter from the attorney for plaintiff in error, advising Judge Hare of the refusal of the attorneys for defendant in error 'to agree to same, and the grounds on which said refusal was made. Judge Hare refused to approve or sign the statement of facts so presented to him, or to prepare and sign and file with the clerk of the court a correct statement of facts proved on the trial, as required by law, in cases where the parties do not agree upon such statement of facts, or the judge does not approve or sign the statement presented to him. See article 2240, R. C. S. 1925. On August 3, 1928, Judge Hare entered an order in said cause, refusing to comply with the provisions of article 2240, supra, on the grounds, as stated by him, namely: "After this elapse of time and with an incomplete record before me, I am unable to make up a statement of facts that I am willing to certify is correct." Petition for writ of error and bond was filed June 29, 1928.

In order to dispose of the question before us, it is only necessary to discuss the authority of Judge Beard to make the order extending the time for filing the statement of facts 80 days, as entered by him. If Judge Beard, under the law, had the authority to make said order, then plaintiff in error was wrongfully deprived of his statement of facts, and the judgment of the court below will have to be reversed, and cause remanded. Subdivision 3 of article 2246, R. C. S. 1925, provides that: "Upon application of the party appealing, the judge before whom the cause is tried may, in term time or vacation for good cause shown, extend the time for filing such statements of fact and bills of exception; but the time shall not be extended in any case so as to delay the filing of the statement of facts together with the transcript of the record in the appellate court within ninety days after the date of filing the appeal or writ of error bond."

Under the terms of the above statute, trial judges are clothed with the authority to extend the time for the filing of statement of facts and bills of exception in the trial court, provided the extended time shall not delay the filing of the statement of facts, together with the transcript of record, in the appellate court within 90 days from the date of filing the appeal or writ of error bond. The order entered by Judge Beard extended the time for 80 days from the expiration of the 90 days allowed by law for filing statement of facts and bills of exception in the trial court, amounting in all to 170 days from the date of final judgment, viz., February 10, 1928, the date motion for new trial was overruled, as the term of that court may by law continue more than eight weeks. By this extension, plaintiff in error had until July 30, 1928, in which to file statement of facts and bills of exception, which extended 12 days beyond the date the statement of facts was presented to the trial judge with the disagreement of counsel in reference thereto. If, within the meaning of subsection 3, supra, Judge Beard was the judge before whom the case was tried—in other words, the trial judge of the cause—then the extension of time as made by him was valid and secured to plaintiff in error the right to have his statement of facts prepared, agreed to, and filed in the manner and form as provided for by articles 2240 and 2246, R. C. S. 1925. The purpose to be accomplished, the importance of the act, the attitude of the parties in reference to the subject-matter to be affected thereby, in our opinion make the language, "Upon application of the party appealing, the judge before whom the cause is tried may, in term time or vacation for good cause shown, extend the time for filing such statements of fact and bills of exception," mandatory and require that the application be made to and passed upon by "the judge before whom the cause is tried."

Was Judge Beard the judge before whom the cause was tried? As to what constitutes a trial, we quote the following from Words and Phrases, Second Series, vol. 4, p. 1003: "A 'trial' is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial." State ex rel. Carleton v. District Court of Lewis and Clark County, 33 Mont. 138, 82 P. 789, 791, 8 Ann. Cas. 752; Finn v. Spagnoli, 67 Cal. 330, 7 P. 746; Tregambo v. Comanche Mill & Mining Co., 57 Cal. 501; Lindley v. Kemp, 38 Ind. App. 355, 76 N. E. 798, 800; Bruce v. State, 87 Ind. 450, 453; Jenks v. State, 39 Ind. 1, 9; Hunter v. District Court of Polk County, 126 Iowa, 357, 102 N. W. 156, 157.

Judge Beard did not take any part in the proceedings had in this cause, from the presentation of the pleadings to the rendition of judgment; his only act being the hearing of and entering order overruling the motion for a new trial.

We therefore hold that he was not the judge before whom the cause was tried, and that he did not have authority to extend the time for filing statement of facts therein, but that authority rested only with Judge Hare, who was the judge before whom said cause was tried. National Bank of Commerce v. Lone Star Milling Co. et al. (Tex. Civ. App.) 152 S. W. 663; Martin v. Martin (Tex. Civ. App.) 229 S. W. 695. If the order extending the time for filing the statement of facts and bills of exception made by Judge Beard had been made by Judge Hare, plaintiff in error would have been secure in his right, and no doubt would have received a correct statement of facts.

Plaintiff in error not having been wrong-

fully deprived of his statement of facts, the judgment of the court below is affirmed.

Affirmed:

LOONEY, J. (dissenting). There is but one question presented on this appeal, which was tersely stated by Judge VAUGHAN in the majority opinion, as follows: "In order to dispose of the question before us, it is only necessary to discuss the authority of Judge Beard to make the order extending the time for filing the statement of facts 80 days, as entered by him. If Judge Beard, under the law, had the authority to make said order, then plaintiff in error was wrongfully deprived of his statement of facts, and the judgment of the court below will have to be reversed and cause remanded."

The question presented, however, was decided by the majority against the authority of Judge Beard, in the following language: "Judge Beard did not take any part in the proceedings had in the cause, from the presentation of the pleadings to the rendition of judgment; his only act being the hearing of and entering order overruling the motion for a new trial. We therefore hold that he was not the judge before whom the cause was tried, and that he did not have authority to extend the time for filing statement of facts therein, but that authority rested only with Judge Hare, who was the judge before whom said cause was tried."

Having reached this conclusion, the majority affirmed the judgment of the court below.

I dissent from the decision of the majority, on the belief that, under the liberal rule that should have been applied in construing the remedial statute under consideration, regulating as it does the constitutional right of appeal, Judge Beard, who presided at one phase of the trial, passed upon and overruled the motion for a new trial, and entered the final order, from which the appeal is prosecuted, was a judge before whom the case was tried, within the meaning of subdivision 3, art. 2246, R. C. S. 1925, and therefore was authorized to enter the order extending the time for filing the statement of facts. A trial, in my opinion, begins with the action of the court, on dilatory pleas, extends to and includes the final order from which the appeal is prosecuted and all intervening proceedings.

The Supreme Court, in Coalson v. Holmes, 111 Tex. 502, 509, 240 S. W. 896, 898, held that the determination of the issues presented by a contested plea of privilege was a part of the trial of the case referred to in article 2243 (2068) (1379), R. C. S. 1925, which provides that: "After the trial of a cause, either party may make out a written statement of facts given in evidence on the trial, and submit the same to the opposite party or his attorney for inspection," etc.

The court said, in part, that: "If the evidence submitted on a plea of privilege be brought before the appellate court in either a bill of exception or a statement of facts, we are sure it should be considered. The bill of exceptions is an appropriate means of disclosing proceedings preliminary to the trial of a cause on its merits. But the determination of an issue presented by a plea of privilege may well be regarded as a part of the 'trial' referred to in our statute directing the preparation of a statement of the facts given in evidence on the trial. [Citing] Mi Palmo v. Slayden & Co., 100 Tex. 15, 92 S. W. 796; G., C. & S. F. Ry. Co. v. Muse, 109 Tex. 360, 207 S. W. 897, 4 A. L. R. 613."

In the case of Gulf, C. & S. F. Ry. Co. v. Muse, cited in the above case, reported in 109 Tex. 352, 361, 207 S. W. 897, 899, 4 A. L. R. 613, the court held that a trial includes, not only the proceedings in the case up to and including the hearing of evidence and the return of the verdict, but also comprehends the action of the court on a motion for new trial, and, further, the action of the court in setting aside the order, previously entered, granting a new trial. The court said, in part: "Giving the word 'trial' its ordinary and accepted meaning in law of 'the judicial investigation and determination of the issues between parties' (Century Dictionary; 28 A. & E. Enc. of Law, 636), it would just as much include the action of the court on a motion, presented immediately after an order had been rendered granting a new trial, to set aside such order, as it would include the action of the court in granting a new trial."

In Mi Palmo v. Slayden & Co., 100 Tex. 13, 92 S. W. 797, the case was tried and a verdict was returned, but no judgment was entered until at a subsequent term, when, on motion, judgment was entered nunc pro tunc. The court held that the trial was not finally ended until the entry of the nunc pro tunc judgment, and that appellant had the right thereafter to prepare and have approved and filed a statement of facts, counting the time allowed by statute from the date the nunc pro tunc judgment was entered. Also see S. & E. T. Ry. Co. v. Joachimi, 58 Tex. 452, 454.

From these decisions a rule may be deduced to the effect that a trial, within the meaning of our statutes regulating judicial procedure, is not concluded as long as the case is open for consideration by the court. I think, therefore, that a judge before whom any phase of a trial is brought for consideration is a judge before whom the case is tried, within the meaning of the statute under consideration.

The right of appeal is guaranteed by the Constitution, and a party who considers himself aggrieved may appeal as a matter of right. Republic v. Smith, Dallam's Dig. 407; Forbes v. Hill, Dallam's Dig. 486; Shelton v. Wade, 4 Tex. 150, 51 Am. Dec. 722; Eppstein v. Holmes, 64 Tex. 560, 565.

In Shelton v. Wade, supra, Judge Wheeler used the following language: "The laws, regulating the exercise of the right [of appeal] are intended to afford the party every possible facility in its furtherance, consistent with a due regard to the rights of the opposite party; and they should be so construed as most certainly and effectually to attain this object."

Statutes giving and regulating the right of appeal are recognized as remedial in their nature, and should receive a liberal construction in furtherance of the right. 2 R. C. L. 29, § 6. Therefore, where a statute is reasonably susceptible to two constructions, one favoring the appeal, the other adverse, the construction favorable to the right should be adopted.

Judge Hare of the Fifteenth judicial district was transferred for service in the district courts of Dallas county, under the provisions of chapter 156, Acts of the Regular Session of the Fortieth Legislature, that divides the state into administrative judicial districts, and in the performance of such duty presided at the preliminary stages of the trial below, concluding his services in the case on return of verdict and rendition of judgment. Having performed the duties assigned him, Judge Hare returned to his own district, and thereafter Judge P. O. Beard, of the Sixty-Seventh district was, under the same act, assigned for duty in the district courts of Dallas county, and there came regularly before him this case for hearing on the motion for a new trial, and, from his order overruling the motion, this appeal is prosecuted. As a part of the proceeding connected with the case, he granted appellant's application for an extension of time within which to file the statement of facts.

The hearing on the motion for a new trial, the action of the court thereon, the giving and entering notice of appeal, the application for and the granting of an order for extension of time, all occurred while Judge Beard was presiding, and constituted just as much a segment of the trial as did the proceedings occurring while Judge Hare was presiding, and, in my opinion, it is correct to say, that either was a judge before whom the case was tried, within the meaning of the statute, and was authorized to grant the extension. Any other construction is, in my opinion, illiberal and out of harmony with the spirit and purpose of the remedial statute under consideration. There exists no reason why the request for an extension of time should have been presented to Judge Hare exclusively, because of his familiarity with the case, for, in reviewing the trial on motion for rehearing, it should be presumed that Judge Beard also became sufficiently familiar with the case to determine the matter of granting or refusing the request for an extension.

It is now well settled that, where there is a disagreement as to the facts, as in this case, and the party appealing presents his statement to the trial judge in due time, as was done in this case, it was his statutory duty to prepare and file a statement, and, if he fails to perform that duty, appellant is entitled to have the case reversed and remanded. Broderick, etc., Co. v. Waco Brick Co. (Tex. Civ. App.) 150 S. W. 600; Martin v. Martin (Tex. Civ. App.) 229 S. W. 695.

For reasons stated above, I am of opinion that Judge Beard was authorized to enter the order of extension, that appellant did all required of him to secure the approval and filing of the statement of facts, that he was wrongfully deprived of a statement by the refusal of Judge Hare to act in the premises, and, for this reason, the case should have been reversed and remanded for a new trial.

I think there is another view that leads to the same conclusion; that is, this: Both Judge Hare and Judge Beard were taken from their respective districts and assigned to duty, as trial judges in the district courts of Dallas county, under the provisions of the statute, and, while holding court in Dallas county, were controlled by rules of practice and procedure governing in the civil district courts in counties having two or more district courts with civil jurisdiction only (applicable to the civil district courts of Dallas county), as prescribed by article 2092, R. C. S. 1925. Subdivision 21 of this article contains a number of provisions to the effect that a judge of either of said courts may, from time to time, exchange benches or districts, may transfer cases or other pending proceedings from one of said courts to another, may in his own courtroom try and determine any case or proceeding pending in another court, without having the case transferred, may sit in any other court and hear and determine any case there pending, and two or more judges may, at the same time, try different cases in the same court, and each may occupy the courtroom of another judge, and it is made the duty of each judge to whose court a case or proceeding is transferred, to receive and try the same, and shall, in turn, have the power, in his discretion, to transfer any such case to any other of said courts.

Subdivision 26 of said article provides for the selection of a presiding judge, by the judges of the district courts of a county coming under the provisions of the statutes, and authority is conferred upon the presiding judge so selected to assign any case pending in his or in any other of said courts, to any judge or court, may assign any judge to try any case in any of said courts, and it is made the duty of the judge in whose court an assigned case is pending to transfer the same to the court to which it is assigned, and the judge to whom any case is assigned shall receive and try same, and any such judge shall hold any other court or try any case which he is required by the presiding judge

to try. In addition to these detailed provisions, to the same purpose and intent, subdivision 24 of said article specifically provides that: "Any judge may hear any part of any case or proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case."

This statute, in my opinion, is conclusive of the question under consideration, and removes all doubt, if a reasonable doubt exists otherwise, as to the authority of Judge Beard, presiding under the circumstances, to grant appellant's application for an extension of time for filing the statement of facts, and, as appellant, within the time extended, presented to opposing counsel and to Judge Hare his statement of the facts, he was entitled to have a statement filed by the judge (article 2240, R. C. S. 1925), and, as he was deprived of a statement without fault on his part, the case should, for this reason, under the well-settled rule in this state, have been reversed and remanded to the trial court for a new trial.