## MIGUEZ et ux. v. BLAKE.
### No. 8547.

Court of Civil Appeals of Texas. San Antonio.
Feb. 11, 1931.

Rehearing Denied April 1, 1931.

T. H. Ridgeway, of San Antonio, for plaintiffs in error.

Robt. Harris, of San Antonio, for defendant in error.

FLY, C. J.

Defendant in error applied for an injunction to restrain plaintiffs in error from erecting structures on her land and to prevent the obstruction of a certain street and alley, and for $500 damages. The injunction was granted, and plaintiffs in error commanded to remove all structures erected by them on the land of defendant in error, and enjoined from obstructing the alley and Fredericksburg Road.

A judgment by default was rendered by the court against the plaintiffs in error, who were defendants in the lower court, who, however, after the trial agreed to the statement of facts. How the defaulting parties became well enough acquainted with the facts to agree to the statement is not disclosed; nor is it clear as to why the defendant in error agreed to any statement of facts with the plaintiffs in error. That statement of facts is made the basis of seven of the ten assignments of error. Out of the assignments have been evolved seventeen propositions. This is extraordinary following a judgment by default.

The statement of facts was agreed to and filed nearly eight months after the court adjourned, on Febuary 1, 1930.

Article 2246, Rev. Stats. of Texas, requires a statement of facts to be filed within eighty days after the adjournment of the court, or within ninety days from the date of judgment, in case the term of court was more than eight weeks in duration. The statute applies with equal force to cases of appeal and writs of error. Tex. Jur. §§ 475 and 478; White v. Taylor (Tex. Civ. App.) 11 S.W.(2d) 374; Martin v. Martin (Tex. Civ. App.) 229 S. W. 695. The statute is mandatory. Foster v. Bourgeois (Tex. Civ. App.) 253 S. W. 880, affirmed 113 Tex. 489, 259 S. W. 917; St. Louis Southwestern R. Co. v. McCord (Tex. Civ. App.) 199 S. W. 526. Numerous decisions hold that no such statement of facts can be considered. Section 478, Tex. Jur. The approval of the statement of facts by the judge could not be deemed equivalent to an extension of the time, because the statement was approved after the court had lost jurisdiction by the writ of error having been perfected to this court. The district judge had no authority to make any order in the case after the jurisdiction of this court had attached. There being no statement of facts, the seven assignments of error based on the evidence must be discarded as without foundation.

This is not an action of trespass to try title, and in the prayer no adjudication of the title was sought, and consequently the judgment did not attempt to adjudicate the title, but an injunction was sought to restrain plaintiffs in error from building obstructions on the land of the complainant and to prevent obstruction of a street and alley on which her property was situated, and to command plaintiffs in error to remove structures erected on the land or on the street and alley.

The allegations of the petition were sufficient to sustain the judgment, and in the absence of a statement of facts it will be presumed that the evidence sustained the judgment rendered by the court.

There being no merit in any of the assignments of error, the judgment is affirmed.

### On Motion for Rehearing.

Defendant in error applied for an injunction to restrain plaintiffs in error from erect-

ing structures on her land and to prevent the obstruction of a certain street and alley, and for $500 damages. The injunction was granted and plaintiffs in error commanded to remove all structures erected by them on the land of defendant in error, and enjoined from obstructing the alley and Fredericksburg Road.

A judgment by default was rendered by the court against the plaintiffs in error, who were defendants in the lower court, who, however, after the trial agreed to the statement of facts. How the defaulting parties became well enough acquainted with the facts to agree to the statement is not disclosed; nor is it clear as to why the defendant in error agreed to any statement of facts with the plaintiffs in error. That statement of facts is made the basis of seven of the ten assignments of error. Out of the assignments have been evolved seventeen propositions. This is extraordinary following a judgment by default.

The statement of facts was agreed to and filed nearly eight months after the court adjourned, on February 1, 1930.

■ Under article 2073, Revised Statutes of Texas (now article 2246), as construed by this court, which construction was approved by the Supreme Court, the statement of facts, although approved and filed nearly eight months after the adjournment of the court at which the cause was tried, was filed in time and consequently must be considered by this court. Louisiana-Rio Grande Canal Co. v. Quinn (Tex. Civ. App.) 160 S. W. 151; City of Aransas Pass v. Hose Co. (Tex. Civ. App.) 227 S. W. 330. It is in those decisions held that the statute is applicable to writs of error and that as long as the record in a writ of error can be filed the statement of facts can be filed. While that rule is well established, it would seem that it renders farcical orders of extension of time in which to file statement of facts. However, this state of affairs had been produced by the language of the statute which has been properly construed.

■ The evidence sufficiently shows that plaintiffs in error had advanced the line of their property so as to obstruct an adjacent alley, and had also taken a portion of Fredericksburg Road, as located by an egineer for the city in 1924. Several engineers testified to facts showing that plaintiffs in error had invaded the alley to such an extent as to practically close and prevent ingress to and egress from the property of defendant in error, and had appropriated ten feet of the Fredericksburg Road. We overrule the first seven propositions of plaintiffs in error.

This is not an action of trespass to try title, and in the prayer no adjudication of the title was sought, and consequently the judgment did not attempt to adjudicate the title, but an injunction was sought to restrain plaintiffs in error from building obstructions on the land of the complainant and to prevent obstruction of a street and alley on which her property was situated, and to command plaintiffs in error to remove structures erected on the land or on the street and alley.

Plaintiffs in error had invaded substantial rights of defendant in error, and she was authorized to prosecute a suit to compel plaintiffs in error to remove all obstructions to the street and alley and all structures that were on the land of defendant in error.

Our former opinion is withdrawn, in which we had refused to consider the statement of facts, but we adhere to the result reached in the former opinion, and the judgment will be affirmed.