**DULANEY v. NEELY et al.**

**Motion No. 15011.**

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 3, 1943.

Albert C. Dulaney, of San Antonio, in pro. per.

James & Conner, of Fort Worth, for appellee.

McDONALD, Chief Justice.

On July 9, 1943, Albert C. Dulaney, the defendant below, who for convenience will be referred to as appellant, filed in this court an application, under Rule 385, Texas Rules of Civil Procedure, seeking an extension of time within which to file the record in this court. Said motion recited that the order appealed from was entered on June 21, 1943. We granted said motion, whereupon appellant tendered to the clerk of this court within the time allowed in our said order a transcript and statement of facts. Upon examining the transcript, the clerk of this court was doubtful whether the appeal had been properly perfected, so referred it to the court. Rules 388, 389. After examining the transcript, and after having considered a written argument filed by appellant, we are of opinion that the transcript shows that the appeal was not perfected, and that the record was not filed here, within the time required by Rule 385.

The transcript shows a suit filed in the district court of Tarrant County. Defendant, the appellant here, filed a plea of privilege to be sued in Bexar County. The plea being controverted by plaintiff, the trial court heard the matter, and on April 10, 1943, overruled the plea of privilege. On May 10, 1943, the defendant filed his amended motion for a new trial on the plea of privilege. The so-called motion for new trial was overruled by order dated June 21, 1943. Defendant filed an appeal bond on July 9, 1943, and, as has been stated, filed in this court on July 9, 1943, an application for an extension of time within which to file the record here.

Under Rule 385, governing appeals from interlocutory orders, the appeal bond must be filed within 20 days after rendition of the order appealed from, and the record must be filed in the appellate court within twenty days after the rendition of the order appealed from, provided, that an application to extend such time for filing the record may be made within five days after the twenty day period.

Rules 353, 356, and 386, governing the time for filing, respectively, notice of appeal, appeal bond, and transcript and statement of facts, in appeals from final judgments, as distinguished from appeals from interlocutory orders, provide that the time shall be counted from the date of the final judgment or order overruling the motion for new trial. Rule 385, on the other hand, makes no mention of any order overruling a motion for new trial, but simply provides that the bond and record must be filed within twenty days after the rendition of the order appealed from.

But for Rule 385, there would be no right of a separate appeal from an order on a plea of privilege. If the provisions of Rule 385 be different from those found in the rules governing appeals from final judgments, then those in Rule 385 must control. It is our opinion that the time for filing the appeal bond and record is not enlarged by filing a motion for new trial of the plea of privilege, but must be counted from the date of the order on the plea. Thus, both the appeal bond and the application for extension of time within which to file the record were filed too late.

We consider that the situation before us is analogous to those described in Cooper v. Yoakum, 91 Tex. 391, 43 S.W. 871; Foster v. Bourgeois, 113 Tex. 489, 259 S. W. 917; and Milo v. Nuske, 95 Tex. 241, 66 S.W. 544, and that the reasoning of those cases supports the views we express here.

It appearing, therefore, that we were without jurisdiction to enter the aforesaid order granting an extension of time within which to file the record in this court, such order is hereby set aside, and the said motion filed by appellant on July 9, 1943, is denied. It appearing that the appeal was not perfected within the time required by law, and it further appearing that the record was not tendered to the clerk of this court within the time required by law, the clerk of this court is hereby directed not to file said record, but to hold it subject to the order of appellant, and to notify him to that effect. Rule 389.